ASAPH KNAPP & JOHN WORDEN *v.* MARTIN WINCHESTER.

WINDHAM,
February,
1839.

It is the duty of the county court, in the trial of a case before the jury, when there is no testimony tending to show any legal cause of action, to direct a verdict for defendant.

In such case, the plaintiff, if he except to the decision, in arguing the case in this court, may consider every fact as proved, which the testimony has any legal tendency to establish, as stated in the bill of exceptions.

In the action of trover, possession, whether rightfully or wrongfully obtained, is a sufficient title in the plaintiff, as against a mere stranger.

But if that possession be voluntarily surrendered to another, the party must then depend upon his right of property.

A demand and refusal are no evidence of conversion, unless the thing demanded was, at the time, in the possession of the defendant.

TROVER, for sundry articles of household goods.

Plea—not guilty, and trial by jury.

It appeared, on the trial in the county court, that, in the summer of 1836, one Pratt and his wife were living at New Fane, where said Pratt was confined in close jail, and his wife became sick, and one or both became chargeable, as paupers, to said town; that an order of removal was thereupon obtained, treating said Pratt and wife as persons having their legal settlement in the town of Marlboro', which town was notified of said order. Their settlement in Marlboro' did not appear to have been ever disputed. It also appeared, that the plaintiff, Knapp, had previously contracted with said town of Marlboro', to support the poor of said town, for the year ending in March, 1837, for a specified sum; that the plaintiff, Worden, had joined said Knapp in a bond to said town, to secure the fulfilment of said contract. And the evidence tended to prove that the plaintiffs were jointly concerned in supporting the poor of said town, for that year. It also appeared that, upon receiving notice of said order of removal, said town of Marlboro' required of one or both the plaintiffs to support said Pratt and wife, as paupers belonging to said town;—That the plaintiffs did thereupon take charge of, and support the wife of said Pratt for the remainder of said year, at considerable expense; removing her first to Putney and afterwards to Marlboro', and that, with said woman, the plaintiffs received the property in question, being the household stuff and furniture of said Pratt and wife.

It appeared that said Pratt absconded, upon getting released from his said confinement. The evidence tended

WINDHAM,
February,
1839.

Knapp and
Worden.
v.
Winchester.

further to show, that, at different times during the year aforesaid, the plaintiffs remonstrated with the overseers of the poor of Marlboro', against supporting said woman, unless they could have the property aforesaid as a consideration, or part consideration, for so doing; insisting that while she continued to possess and own said property, she was not such a pauper as they were under contract to support. The evidence also tended to prove that the plaintiffs, for the reasons aforesaid, repeatedly claimed said property, and asserted their determination to retain the same to their own use, or to exact the value thereof; but it did not tend to prove that any of the overseers of the poor, or said Pratt or wife, ever acceded or assented to said claim of the plaintiffs. It further appeared that, after the year aforesaid had expired, one Kelsey contracted with said town of Marlboro' to support the poor of said town, (including the said Mrs. Pratt,) for the year succeeding; that, upon the 4th day of April 1837, the defendant, being one of the overseers of the poor of said town, went with said Kelsey to the house of the plaintiff, Worden, where said property was, for the purpose of receiving said property, to the end that said Kelsey might take and keep the same, with Mrs. Pratt, and for her use and convenience; that said Worden delivered the same, taking the defendant's receipt of that date for said property, and knowing that it was to go immediately into the possession of said Kelsey, who then received and carried it away. On this occasion said Worden repeated to the defendant his claim to said property, and declared his intention still to have it, or its value. It was further proved that, on the 15th day of December, 1837, said Worden sent his brother, Nathaniel Worden, to demand said property of the defendant; that it was demanded in presence of said Kelsey; that in answer to said demand the defendant said the property was in said Kelsey's possession, upon which Kelsey said, "Nathaniel cannot have it till my year is out." The defendant said nothing further. It appeared that, at the expiration of said second year, said property, with Mrs. Pratt, was passed over by said Kelsey to one Morse, who succeeded Kelsey, in supporting the poor of said town.

Upon these facts, and the evidence aforesaid, the court decided that the action was not sustained,—and a verdict was

thereupon returned for the defendant. To which decision of the court the plaintiffs excepted.

WINDHAM,
February,
1839.

Knapp and
Worden
v.
Winchester.

*R. M. Field,* for plaintiffs.

I. Evidence was introduced on both sides, the truth of which ought to have been submitted to the jury. The court, however, took it all out of the hands of the jury, and decided that the action was not sustained. Here there was error.

II. Taking all the facts as found by the court, the plaintiffs were entitled to recover; for they proved (1.) a property in themselves, and (2.) a converson by defendant.

1. As to the property.

The goods in question were in the possession of the plaintiffs, claiming to hold them even as against Pratt, the owner, by virtue of a lien for moneys expended in support of Pratt's wife.

The sufficiency of this lien need not here be inquired into, as it is well settled that possession, simply, gives a special property, sufficient to maintain trover against all but the rightful owner. 1 Chit. Pl. 173.

Nor was this special property lost by parting with the possession under the circumstances of this case; for

1. Defendant set up a false claim of right in himself.

2. The plaintiffs qualified their delivery of the goods by an express reservation of their rights.

2. As to the conversion.

Every disposition of goods in the way of sale, lease, loaning to use, &c., is a conversion.

The defendant took the goods from plaintiffs and put them into the hands of Kelsey, under a contract, that he might use them for a year.

It is no answer to say that plaintiffs knew that Kelsey was to take the goods, for the particular contract between defendant and Kelsey does not appear to have been known to plaintiffs. Besides, it was the folly of defendant, when he was apprised that plaintiffs did not yield their rights, to put the goods in such a situation that he could not restore them on demand.

There was, then, a sufficient conversion, unless defendant acted under authority.

(1.) An authority from Pratt is not pretended.

(2.) An authority, incidental to the general powers of an

WINDHAM,
February,
1839.

Knapp and
Worden
v.
Winchester.

overseer, cannot be contended for, as the law vests such power always in a guardian.

(3.) An authority expressed in, or incident to the contract of plaintiffs to support the poor of Marlboro', for a year, does not extend to this case.

*D. Kellogg,* for defendant.

I. It does not appear that the plaintiffs ever had any right or title, in law, to the property in question, but, on the contrary, it was, and still continues, the property of the paupers.

II. The plaintiffs never had, in law, any possession of the property or any right to the possession.

III. There are no facts which show that the defendant was guilty of a conversion of the property.

1. It was not tortiously taken by the defendant from the plaintiffs, but was delivered by them.

2. It passed directly from the plaintiffs, with their *knowledge* and *consent* and delivery, to Kelsey, to be by him kept with Mrs. Pratt, and for her use.

3. Though the case finds a demand made upon the defendant for the property, and his neglect or omission to deliver the same, yet the reply of the defendant to the demand, "that the property was at Kelsey's" so explains the neglect to deliver it as to show there was no conversion of the property.

A demand and refusal is not an actual conversion, but on evidence of it and subject to explanation, and, if it appears that defendant has not been guilty of an actual conversion, the demand and refusal amount to nothing. 2 Phillips' Evidence, 119. *Smith* v. *Young,* 1 Camp. R. 440.

IV. To sustain an action of trover, it is necessary to prove a right of property and right to possession in the plaintiff, except that, perhaps, a right to possession, as against a stranger, would be sufficient. *Heyl* v. *Burling,* 1 Caines' R. 18, note A.

Again—It is a good defence in trover to show that the property does not belong to the plaintiff, but to a third person. *Schermerhorn* v. *Van Volkenburgh,* 11 Johns. R. 529.

In the present case, the plaintiffs neither had the right of property, nor the right of possession, and if both had been in the plaintiffs, inasmuch as there was no conversion of the

property by the defendant, the court were right in deciding that the action was not sustained.

REDFIELD, J.—Two questions arise in the present case.

1. Have the plaintiffs shown any sufficient property to maintain the action?

2. Has the defendant been guilty of a conversion?

The case states, that testimony was given tending to prove certain propositions, and, also, that certain facts were proved;—upon which the court decided, that the plaintiffs could not recover. The plaintiffs now object, that the court decided upon the facts, as well as the law. This court see no reason for that objection. Whether the testimony is all given by plaintiffs or by both parties, if there is no conflict, it is usual to state that such facts, as the testimony detailed, were proved, and that thereupon the court held the plaintiff could not recover.

Sometimes the testimony is stated, and the case is concluded by the court, charging the jury, that if all the evidence is believed, still the plaintiffs cannot recover. And in other cases, the testimony being detailed at length, the court direct a verdict. The manner of making up the case is merely formal, and different judges, on the circuits, adopt different modes. The substance of the thing is, that the court direct a verdict. In such case, where the party excepts, the testimony should either be detailed, or every distinct proposition, which the testimony tended to prove, should be stated; and, in either case, the party excepting has a right to the most favorable view of his case, i. e. he may consider every thing as found in the case, which the testimony had any legal tendency to establish.

In this view of the case, were the two propositions, above stated sufficiently proved? It is not pretended that the plaintiffs showed any general property in the things sued for. They belonged to Pratt, and were in the custody of his wife. She had them for her own convenience, while with the plaintiffs. She gave no consent to plaintiffs' retaining them, neither did Pratt. The overseers of the poor had no right, nor did they attempt, to convey any interest to plaintiffs. The plaintiffs' right, then, after Mrs. Pratt left, was only that of a mere naked possession. This of itself is a sufficient title to

WINDHAM,
February,
1839

Knapp and
Worden
v.
Winchester.

sustain trover against any, but the one lawfully entitled to the possession. In this respect it matters not whether the possession be rightful or obtained by force or fraud. It is a sufficient title, in either case, to maintain trover against a mere stranger. But in the present case, the plaintiffs surrendered their possession for the benefit of Mrs. Pratt. Whatever right, then, they had acquired by that possession was as effectually gone, as if they had never had the possession. The plaintiffs did, indeed, at the time of giving up their possession, enter a *protest* against being thereby concluded in asserting their rights to the property. But this will not avail them as a substantial ground of recovery. It prevents any inference against them, but is no ground of inference in their favor. They did not even require of the defendant, on receiving the property, to stipulate a return of it. The receipt given is merely *evidence* of the possession having passed over to defendant by consent of plaintiffs. There is, then, no evidence in the case, tending to show any such right of property in the plaintiffs, as will warrant a recovery.

The court find no evidence of conversion by defendant. The taking was by consent of plaintiffs. The use was consistent with the intent for which it was delivered. The demand and refusal could be no evidence of conversion, the possession, at the time, not being in defendant. *Smith* v. *Young*, 1 Campbell, 440. *Rice* v. *Clark*, 8 Vt. R. 109.

Judgment affirmed.