Hill v. Belasco.

## JAMES M. HILL
### v.
## DAVID BELASCO.

TROVER—DEMAND AND REFUSAL.—A demand and refusal are no evidence of a conversion unless the thing demanded was at the time in the possession of the defendant or under his control.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed November 25, 1885.

Mr. EGBERT JAMIESON, for appellant; as to demand and refusal, cited Race v. Chandler, 15 Bradwell, 539; Sturges v. Keith, 57 Ill. 456; Hawkins v. Hoffman, 6 Hill, 586; Bowlin v. Nye, 10 Cush. 416.

Hill v. Belasco.

WILSON, J. This was trover brought by appellee against appellant for the alleged conversion of the manuscript of a partially written dramatic play entitled "Lone Pine." Verdict and judgment in the court below were for the plaintiff for $1,000. The defendant appealed to this court.

The facts in brief, as shown by the bill of exceptions, were that the parties entered into a written contract, by which appellee agreed to write a play for appellant, and, after a test of it should have been had by representing it in certain named cities, if appellant should consider it a success, he was to pay appellee therefor $5,000. The principal character in the play was to be represented by Denman Thompson, and it was agreed by the parties after the making of the written contract, that the manuscript of the play should be sent to Thompson for his examination and criticism. Appellee furnished a part of the play only and sent the same to appellant, who forwarded it to Thompson for his examination as agreed.

Appellant repeatedly urged appellee to complete the play and forward it to appellant, as he had engaged with several dramatic managers to produce it; which appellee failing to do, appellant finally wrote him, offering to release him from his obligation under the contract, which proposition was accepted by appellee, and the contract was terminated.

In response to a request by appellee for a return of the manuscript, appellant wrote to him that it had been sent to Thompson as agreed, and that he would notify him, which he did. Appellant made diligent search, but was unable to find the manuscript, except the third act which he offered to return, but appellee refused to accept it.

A bare statement of the facts is all that is needed, to show the utter groundlessness of appellee's suit. There was an entire want of evidence to show a conversion of appellee's property. It was not in appellant's possession, nor under his control, at the time demand was made for it by appellee, it having been previously delivered to Thompson for his examination under an agreement between the parties, and never subsequently came into appellant's possession. Appellant's possession of the manuscript was originally rightful, and it

was delivered by him to Thompson by express authority of appellee. A demand and refusal do not of themselves constitute a conversion, but are only evidence of a conversion. And they are only presumptive evidence, capable of being rebutted by proof of any facts which constitute a legal justification or excuse for non-delivery. Race v. Chandler, 15 Bradwell, 539; Sturges et al. v. Keith, 57 Ill. 456; Borolin v. Nye, 10 Cush. 416; 2 Greenl. on Ev., Sec. 642; 1 Chit. Pl. 160 (11 Am. Ed.).

A demand and refusal are no evidence of a conversion unless the thing demanded was at the time in the possession of the defendant, or under his control. Knapp v. Winchester, 11 Vt. 351; Addison on Torts, 399. Here the property was neither in defendant's possession nor under his control.

The judgment of the court below is reversed, and the cause remanded for a new trial.

Reversed and remanded.