### Sprague's Collecting Agency v. George Spiegel.

1. TROVER—*Demand and Refusal Do Not Constitute a Conversion.*— A demand and refusal do not of themselves constitute a conversion, but are only evidence of conversion, and they are only presumptive evidence capable of being rebutted by proof of any facts which constitute a legal justification or excuse for non-delivery.

2. SAME—*What is a Wrongful Conversion.*—Wrongful conversion consists in dealing with the property in a manner inconsistent with the right of the person who is entitled to the immediate possession and an intention in so doing to deny his right or to assert a dominion adverse to his right.

3. INSTRUCTIONS—*Essential Where it Directs a Verdict.*—Where an instruction directs a verdict, it must state the conditions of such verdict correctly, and it must necessarily contain all the facts which will authorize the verdict directed.

4. SAME—*Erroneous Instruction Directing a Verdict Can Not be Cured by Others.*—An erroneous instruction directing a verdict can not be cured by other instructions in the series which supply the missing conditions.

Trover.—Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge presiding.   Heard in this court at the October term, 1902.   Reversed and remanded.   Opinion filed April 20, 1903.

JOHN M. HAMILTON, attorney for appellant.

HOYNE, O'CONNOR & HOYNE, attorneys for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

This is a suit in trover brought by appellee against appellant for the wrongful conversion of a promissory note. Upon trial the jury found for appellee and the court entered judgment thereon for the sum of $708.60. From this judgment appeal was taken.

It will be necessary for us to consider but one of the errors assigned.   The second instruction, given at the request of the appellant, reads as follows:

" The court instructs the jury that if they believe from all the evidence introduced in this case that the note in question was placed in the possession of the defendant by the plaintiff for collection, and that no time was fixed by the parties within which said note should be returned if not collected, and the jury further believes from the evidence that the plaintiff, before the commencement of this suit, either in person or by his attorneys, made a demand upon the defendant for the return of said note, or the proceeds thereof, and that the defendant failed to return said note, or the proceeds thereof, and you further believe from the evidence that the plaintiff was the owner of said note,

then in such case the jury may find that the defendant is guilty of a wrongful conversion of said note, and is liable in trover for the value thereof."

This instruction permits the jury to find for the plaintiff in an action such as this, if the note was not returned upon demand, or the proceeds thereof were not then paid over, although it further appeared in the evidence that with the consent of the plaintiff the note had been sent to a reputable attorney in a neighboring state, and was there in the process of collection. It shuts out all consideration of excuse for the non-production of the note at the instant of the demand. It asserts that upon proof of the facts stated therein, to the exclusion of all other facts and circumstances, the jury may find the defendant guilty of a wrongful conversion of the note. It points out an easy way to realize upon doubtful paper. You have only to put it in the hands of a responsible attorney, wait until he, in good faith, has sent it to a distant city, the residence of the debtor, for collection, and then demand the instant return of the paper, or in default thereof, the payment in cash of its face value with interest. If the attorney does not comply with one or with the other of these demands, under this instruction you have a good cause of action in trover against him.

"A demand and refusal do not of themselves constitute a conversion, but are only evidence of conversion. And they are only presumptive evidence capable of being rebutted by proof of any facts which constitute a legal justification or excuse for non-delivery. Race v. Chandler, 15 Ill. App. 539; Sturges v. Keith, 57 Ill. 456; Bowlin v. Nye, 10 Cush. 416; 2 Greenleaf on Ev., Sec. 642; 1 Chit. Pl. 160. A demand and refusal are no evidence of a conversion unless the thing demanded was at the time in the possession of the defendant or under his control." Knapp v. Winchester, 11 Vt. 351; Addison on Torts, 399; Hill v. Belasco, 17 Ill. App. 194; Dawes v. Rosenbaum, 179 Ill. 123; Stock Yard Co. v. Mallory, 157 Ill. 563; Leman v. Best, 30 Ill. App. 326; Seago v. Pomeroy, 46 Ga. 230; Rice v. Clark, 8 Vt. 109.

The evidence tends to show that appellee knew at the

several times the demands were made that the note was not in the actual possession of appellant, and that it had theretofore been sent to an attorney for collection. The refusal to return the property demanded must be absolute, amounting to a denial of the plaintiff's title to the possession, and not a mere excuse or apology for a present non-delivery of such property. 2 Greenl. Ev., Sec. 644. It may be that the repeated demands and the repeated refusals to return the note, although each refusal was accompanied by a promise to return it as soon as possible, were sufficient evidence to warrant the jury in finding as a fact that appellant had wrongfully converted the note; yet this instruction does not call upon the jury to weigh such evidence before arriving at their verdict, but permits them to find against appellant upon a naked demand and refusal.

The instruction is also objectionable in this, that while it directs the jury to return a particular verdict if they find the facts therein stated to be true, it does not set forth all the facts and conditions essential to such a verdict. Demand and refusal are but part of the elements necessary to a wrongful conversion, which is a positive tortious act. Wrongful conversion consists in dealing with the property in a manner inconsistent with the right of the person who is entitled to the immediate possession, and an intention in so doing to deny his right or to assert a dominion adverse to his right. 26 Am. & Eng. Ency. 735. Where an instruction directs a verdict, it must state the conditions of such a verdict correctly (Illinois I. & M. Co. v. Weber, 196 Ill. 530), and it must necessarily contain all the facts which will authorize the verdict directed. Pardridge v. Cutler, 168 Ill. 504; C., R. I & P. Ry. Co. v. Cleveland, 92 Ill. App. 318, and cases cited. Such an instruction can not be cured by other instructions in the series which supply the missing conditions; because it tells the jury that they may find their verdict upon proof of the facts therein stated, without reference to any other instruction given. It is not sufficient that a part of the instructions contain a correct exposition of the law, if it is incorrectly announced in others. C., B. & Q. R. R. Co. v. Payne, 49 Ill. 500.

But if we admit that such a deficient instruction may be supplemented by other instructions which are in harmony with it, in this case we are met by the fact that, in the defendant's third instruction given, the law concerning wrongful conversion as applied to this case is correctly set out. These two instructions are in direct conflict. The jury could not follow both. If they took plaintiff's instruction No. 2 as the law, they necessarily refused to consider defendant's instruction No. 3. "It left them free to adopt the law as stated in either charge, as their whims or their caprices might suggest, or, what is still worse, as their prejudices might influence them." T. W. & W. Ry. Co. v. Morgan, 72 Ill. 157.

The judgment of the Superior Court is reversed and the cause is remanded.