GERMAN AMERICAN BANK, Respondent, v. A. J.
BRUNSWIG, Appellant.

Kansas City Court of Appeals, May 30, 1904.

CONVERSION: Method of Proof: Evidence. A conversion may be
proved either by tortious taking or by an appropriation indicat-
ing a claim or right in opposition to the owner or by refusal
to give possession on demand; and evidence reviewed fails to
show conversion.

Appeal from Buchanan Circuit Court.—*Hon. W. K.
James*, Judge.

REVERSED.

*Porter & Groves* for appellant.

(1) The allegation that plaintiff delivered and
turned over to defendant twenty-five shares of stock is
not sustained by evidence that plaintiff delivered to de-
fendant a certificate for forty-five shares, with plain-
tiff's assignment thereof to J. W. Cave, indorsed there-
on. There was a failure of proof to sustain the cause
of action stated in the petition. "The *probata* must cor-
respond with the *allegata*." Rutledge v. Railway, 110
Mo. 318; Clements v. Yates, 69 Mo. 625. (2) There was
a total failure of evidence to support a finding of con-
version. To sustain the action there must be title in the
plaintiff to the stock, and an actual conversion by the de-
fendant "If either of these elements is wanting the ac-
tion will not lie." 2 Cook on Corp. (4 Ed.), sec. 576;
Duggit v. Davis, 53 Mich. 35; Bowlin v. Nye, 10 Cush.
416; 1 Addison on Torts, sec. 471, 472; Woodside v.
Adas, 11 Vroom (N. J. L.) 47; Frome v. Dennis, 45
N. J. L. 516; Salt Springs v. Wheeler, 48 N. Y. 492;

Maguire v. Dinsmore, 70 N. Y. 410.   (3)   Failure to deliver the stock on demand is not evidence of conversion unless the defendant either had possession of it, or had it so in his control that he could comply with the demand.   Knapp v. Winchester, 11 Vt. 351; Yale v. Saunders, 16 Vt. 243; Frome v. Dennis, 45 N. J. L. 515; Hawkins v. Hoffman, 6 Hill 588.   (4)   A failure to deliver goods on demand is not evidence of conversion where defendant does not refuse, but can not.   Frome v. Dennis, 45 N. J. L. 516; Maguire v. Dinsmore, 70 N. Y. 410; Salt Springs v. Wheeler, 48 N. Y. 492.

No brief for respondent.

SMITH, P. J.—This is an action which was brought by plaintiff against the defendant to recover damages for the wrongful conversion by the latter of twenty-five shares of stock in the Gordon Foundry and Machine Company—a domestic business corporation—of the par value of one hundred dollars each.   The answer was a general denial.

There was a trial by the court without the aid of a jury where the facts which the evidence tended to prove, were that the Gordon Foundry and Machine Company, which we shall hereafter refer to as the machine company, issued in a single certificate forty-five shares of its capital stock to C. C. Hyatt, but of which stock the plaintiff was the owner, it having been issued to said Hyatt for convenience.   The plaintiff by its vice president, Schneider, sold to the defendant twenty shares of stock so owned by it and held in the name of Hyatt.   An effort was made by Schneider to have the machine company take up and cancel the forty-five-share certificate and issue in its stead two certificates, one for twenty and the other for twenty-five shares, but because of a vacancy in the office of the secretary of the company in this he was unsuccessful.   Confronted with this condition Schneider caused Hyatt to assign the forty-five-

share certificate to J. W. Cave for whom the defendant had made the purchase of the twenty shares. The defendant at the time of the assignment and delivery of the certificate, executed to the plaintiff a receipt whereby he acknowledged the receipt of twenty-five shares of said stock "which I am to sell for $1,500 within ninety days from date—January 3, 1902. If bank can sell said stock at any time I will return it." On or about the day of the receipt of the certificate by defendant he delivered it to Cave, for whom it was purchased as already stated. Within a day or so after Cave had received the certificate he left St. Joseph, where the transaction just mentioned took place, for a business trip in the State of Kansas. During his absence Schneider requested defendant to return the certificate as he had a purchaser for the twenty-five shares still owned by plaintiff. The defendant expressed a willingness to do so as soon as he could communicate with Cave and get it from him. He does not seem at any time to have made any claim of the right to possession of the stock or to have denied the plaintiff's right or ownership to it. Nor does it appear that he did any act indicating an appropriation of it, or any part of it, to his own use, or in exercising dominion over it in exclusion or in defiance of the plaintiff's right, or in withholding the possession from plaintiff under an adverse claim of title; but on the contrary, it appears that defendant acted in good faith and did every thing in his power to put himself in communication with Cave so as to accomplish as speedy a return of the certificate to plaintiff as possible.

As soon as Cave returned, defendant procured a return by him of the stock to plaintiff. Atwell, the secretary of the machine company, had resigned and his office was vacant until the election of new directors, when Cave was elected to succeed him in that office. As soon as Cave was elected he cancelled the forty-five-share certificate and issued in its place two certificates to himself, one for twenty shares and the other for

twenty-five shares; the latter he assigned in blank and delivered to plaintiff. Cave held in his exclusive possession the forty-five-share certificate from January 28 until February 11, the latter date being that on which the two certificates were issued in lieu of that then cancelled—that for forty-five shares.

It appears that during the thirteen days which Cave had possession of the forty-five-share certificate the defendant had no possession of or dominion over it. It is true, defendant was under obligation to return the certificate to the bank, but it does not appear that he made any attempt to escape the performance of this obligation. The plaintiff had caused Hyatt to assign the certificate to Cave and therefore it well knew that the title to it was not in defendant. It knew, too, that the title to the twenty shares purchased by defendant was not only in Cave, but that he, and not defendant, was the owner of them. The twenty-five shares of new stock issued and assigned by Cave to plaintiff was finally retained by it.

The question which we think to be decisive of the case is, whether or not, under the facts which are substantially as we have stated them to be, the plaintiff has made out a prima facie case of wrongful conversion entitling it to a submission? If this question is answered in the affirmative the demurrer to the evidence was properly denied; and if in the negative, its denial was error.

A conversion may be proved in either of three ways: (1), by tortious taking; (2), by any use or appropriation to the use of the person in possession, indicating a claim of right in opposition to the rights of the owner; (3), by a refusal to give up possession to the owner on demand. . . . The idea of property is of the essence of a conversion. Nanson v. Jacob, 93 Mo. 331, 340.

"A conversion in a legal sense consists either in the appropriation of the thing to the party's own use and

beneficial enjoyment, or in its destruction, or in exercising dominion over it in exclusion or defiance of the plaintiff's right, or in withholding the possession from plaintiff under a claim of title, inconsistent with his own." Shewalter v. Railway Co., 84 Mo. App. 599, last paragraph. "To constitute a conversion of goods there must be some repudiation by the defendant of the owner's right, or some exercise of dominion over them by him, inconsistent with such right, or some act done which has the effect of destroying or changing the quality of the chattel." Woodside v. Adams, 11 Vroom 47; Frome v. Dennis, 45 N. J. Law 516. "To sustain the action there must be title in the plaintiff and an actual conversion by the defendant. 'If either of these elements is wanting the action will not lie.' " 2 Cook on Corp. (4 Ed.), sec. 576.

There are authorities to the effect that to sustain an action of this kind there must be title in the plaintiff and an actual conversion by defendant, and if either of these ingredients is wanting the action will not lie. Duggit v. Davis, 53 Mich. 35; Bowlin v. Nye, 10 Cush. 416; 1 Addison on Torts, secs. 471, 472; Woodside v. Adas, 11 Vroom (N. J. L.) 47; Frome v. Dennis, ante; Salt Springs v. Wheeler, 48 N. Y. 492; Maguire v. Dinsmore, 70 N. Y. 410. And there are others holding that the failure to deliver stock on demand is not evidence of conversion, unless the defendant either had possession of it or had it so in his control that he could comply with the demand. Knapp v. Winchester, 11 Vt. 351; Yale v. Saunders, 16 Vt. 243; Frome v. Dennis, ante; Hawkins v. Hoffman, 6 Hill 588. And these authorities further hold that a failure to deliver goods on demand is not evidence of conversion where defendant does not refuse to deliver but can not do so. Accordingly, it is clear that there was no evidence adduced justifying a submission.

We may add that there was a consistent recognition by defendant of plaintiff's right to the twenty-five

of the forty-five shares from the time of transfer to Cave until the return thereof to the latter. Plaintiff by putting the title to the forty-five shares in Cave placed it beyond defendant's control and made a conversion of it by him impossible. The evidence proves conclusively, and without contradiction, that the certificate was delivered to Cave the day it was transferred and because the secretary of the company refused to divide the shares of stock by issuing two certificates, one for twenty shares and one for twenty-five, as demanded by Cave's attorney, the original certificate was surrendered and a new certificate was issued to Cave for forty-five shares, which remained in his possession from the day it was issued until a secretary was chosen, who was willing to do his duty, when a certificate was issued to Cave for twenty-five shares, which was assigned by him in blank and delivered to defendant, who immediately delivered it to the bank. The defendant at no time had the stock in his control until the certificate for twenty-five shares was delivered to him, and all the time protested his willingness, desire and purpose to return it to plaintiff when he could secure from Cave the necessary transfer. There was no conflict in the evidence as to these facts, and we are unable to see how they can be construed so as to support a finding of conversion, for in our view if it is possible to prove a negative beyond dispute the evidence in this case proves that there was no conversion.

In this view of the case it becomes wholly unnecessary to notice the other questions raised by the appeal.

The judgment is for the wrong party and must be reversed. All concur.