C. R. RAUCH et al., Respondents, v. ALBERT J.
BRUNSWIG, Appellant.

Kansas City Court of Appeals, May 1, 1911.

CONVERSION: Personal Liability of Agent: Misfeasance. The
appellant was sole manager of defendant company. He wrong-
fully applied, to the payment of his company's debts, the sum
collected in his capacity as agent for respondents who were
plaintiffs below. This sum at the time was under his exclusive
control, and he knew that it did not belong to his company.
*Held*, in a suit for conversion, that, although appellant would
not have been personally liable unless the fund in controversy
had been subject to his control, and he would not be liable for
a mere non-performance of duty, yet here appellant did not act
in good faith, but on the contrary willfully applied the funds
of plaintiffs to the use of his principal, the company of which
he was sole manager, and hence he is personally liable because
an agent is liable to a third party for misfeasance and for acts
of positive wrong.

Appeal from Buchanan Circuit Court.—*Hon. L. J.
Eastin*, Judge.

AFFIRMED.

*Groves & Beery* for appellant.

(1)   Appellant contends that he is not liable in
this action, first, because he, personally, never had
possession of the money collected from the railroad
company, and therefore did not convert and appropriate
it to his use, and, second, because the only control he
had of the money collected from the railroad company
was in his official capacity as president of the corpora-
tion and manager of its business. Unless it is shown
that appellant personally had possession or personal con-
trol of the money collected from the railroad company
then he is not liable. Bank v. Brunswig, 107 Mo. App.
401.   (2)   The appellant cannot be compelled to ac-
count in an action of conversion for money unless it is

shown that the money was at some time under his personal control or in his personal possession, and he cannot be held liable for something which is beyond his control, that is, using or exercising an unlawful control over it after demand. The demand was not made on him for months after the assets of the corporation had been sold under mortgage given by the corporation. Appellant did not even know the claim had been paid when it was paid. When his attention was called to the matter some days later by the bookkeeper asking if he should make out a check appellant said better wait awhile. The evidence does show that the corporation was being pressed by its largest creditor at the time appellant's attention was called to the matter, and whether the corporation had overdrawn its account at the bank at the time the appellant's attention was called to the matter is not shown by the record, but whether the money was actually used by the corporation before appellant was informed of the collection, or afterwards drawn out of the bank, it was so used for corporate purposes. If the money had been actually used by the corporation before the attention of appellant had been called to the matter then the money would have been used by the corporation without even the knowledge of the appellant, but we suppose the respondents would still claim appellant was liable merely because he was president and manager of the corporation. In order to hold appellant liable in this action it is incumbent on the respondents to show appellant personally received the money. His statement to the bookkeeper to wait awhile before making out a check is not sufficient to prove his liability. He is not liable because of "nonfeasance" in the performance of an official duty. Furz v. Spaunhorst, 67 Mo. 256. Mere "non-feasance" is not a cause of action. Utley v. Hill, 155 Mo. 271.

*W. K. James* for respondents.

(1) "The fact of agency is no defense to an agent in an action ex delicto." Hamlin v. Able, 120 Mo. 188; · McPheters v. Page, 22 Atl. 101; Miller v. Staples (Colo.) 32 Pac. 81; Nunnelly v. Southern Iron Co., 94 Tenn. 397, 416; Carson v. Quinn, 127 Mo. App. 532. (2) "Any wrongful act which negatives or is inconsistent with the plaintiffs' right is per se a conversion." Dusky v. Rudder, 80 Mo. 407. "Every intermeddling with the goods of another is a conversion" Lee v. Matthews, 10 Ala. 682, 44 Am. Dec. 498, 500. (3) "It is not necessary, to constitute conversion, that the wrongdoer has applied the property to his own use." Mohr v. Langan, 162 Mo. 499; McPheters y. Page, 22 Atl. 101. (4) "In case of strict negligence by servant or agent employed in the service of his master or principal, an action will lie against both jointly." Harriman v. Stowe, 57 Mo. 99; Miller v. Staples (Colo.), 32 Pac. 81. (5) "An agent guilty of misfeasances or positive wrongs not done in the course of his employment is personally liable to third persons." Steinhauser v. Spraul, 127 Mo. 541.

BROADDUS, P. J.—This is a suit for conversion. In October, 1907, the respondents were in the grain business at Lamoni, Iowa, and the South Park Grain Company, a corporation, was in the grain business at St. Joseph, Missouri. • The appellant, Brunswig, was president and manager of the South Park Grain Company during the times herein mentioned.

The respondents shipped a car load of oats from Blythedale, Missouri, to the South Park Grain Company, and while it was in transportation a part of the grain was lost. The latter company notified the respondents of the loss and requested them to send certified weights of the car of grain and that it would file a claim for the loss with the carrier for the benefit of respondents.

The respondents furnished the weights and the claim was filed by the South Park Company and the carrier paid to the company the amount of the claim in the sum of $128.08.

It was shown appellant was the sole manager of the company, and that Charles A. Clark was its clerk. The claim was paid by the check or voucher of the carrier, payable to the company. Clark personally handled the check or voucher and the proceeds were deposited with the First National Bank of St. Joseph, on the same day. Clark was asked: "What conversation did you have with Mr. Brunswig about remitting to the plaintiffs for that claim? A. I mentioned to Mr. Brunswig that the claim had been paid and asked him if I should make a check for the amount. Q. What did he say? A. He replied to wait awhile." This colloquy occurred two or three days after the claim had been collected. Mr. Clark stated that he did not think Brunswig knew when the claim was collected.

It was shown that the bank had a mortgage on all the property of the company and that after the satisfaction of its claims there was nothing left to pay other creditors. Clark was asked this question: "Now, state to the court what your knowledge is, and your recollection as to how this money got out of the bank. A. It was checked out. Q. Who checked it out? A. I usually made out the check, and Mr. Brunswig signed them. Q. So Mr. Brunswig checked out this money? A. Yes, sir." On cross-examination he stated that the money was checked out for the benefit of his company. It was further shown that the collection was made some time prior to said mortgage. Clark stated that he did not think anything was paid to the bank out of the money on deposit.

Clark was the only witness who testified. At the close of his testimony appellant asked the court for a demurrer to respondents' case, which was refused. No other instructions were asked. The court sitting as a

jury found for plaintiffs and rendered judgment for the amount claimed. Defendant, Brunswig, alone appealed.

Appellant's position is, that he cannot be compelled to account for conversion of the money unless it was shown that it was at some time under his personal control or in his personal possession; and that mere nonfeasance will not answer and "that nothing short of active participancy in a wrongful act intendedly and directly operating to the prejudice of the party complaining will give origin to individual liability." We cannot concede that unless the fund in controversy was in the personal possession of appellant he would not be liable, but we do concede that he would not be liable unless it was subject to his control. And it must be further conceded that he would not be liable for a mere non-performance of his duty. [Bank v. Brunswig, 107 Mo. App. 401; Fusz v. Spaunhorst, 67 Mo. 256.]

The evidence shows that notwithstanding he did not handle the fund in person in the first place, yet when it was deposited it was under his exclusive control, as he was the sole manager of the corporation. He knew that the money did not belong to his corporation but notwithstanding such knowledge, he applied it to the payment of its debts. This was an act of conversion. But we are met with the argument that he was acting in the capacity of agent and not personally liable, therefore, he was not guilty of conversion. If such is the law, the agent of a corporation could shield himself from liability for almost every kind of wrong, provided he was acting in the capacity of agent, notwithstanding the circumstances would render the principal liable for the tort.

It is held that the agent is liable to a third party for misfeasance and for acts of positive wrong. [Carson v. Quinn, 127 Mo. App. l. c. 533, citing Mechem on Agency, section 572; Lottman v. Barnett, 62 Mo. 159; Baird v. Shipman, 132 Ill. 16.] It is immaterial whether the appellant was acting as agent or not, the conver-

sion was a tort, and he rendered himself liable by reason of his tortuous act. [Hamlin v. Able, 120 Mo. 188.]

In Bank v. Brunswig, supra, it was disclosed that the agent was acting in good faith. The appellant is not entitled to the benefit of the ruling in that case as he was not acting in good faith, but on the contrary, willfully applied the funds of the plaintiff to the use of his principal. We believe the judgment was for the right party. Affirmed. All concur.