[Civ. No. 2729. Second Appellate District, Division One.—January 30, 1920.]

## HARRY A. CASS, Appellant, v. OCEAN PARK BATH COMPANY (a Corporation), Respondent.

[1] PLEADING—JOINDER OF CAUSES OF ACTION FOR TORT AND ON CONTRACT—FAILURE TO DEMUR—WAIVER OF OBJECTION.—Where several causes of action, one in the nature of a tort and one upon contract, are united, contrary to the provisions of section 427 of the Code of Civil Procedure, and, further, are not separately stated, but the complaint is not attacked by demurrer, the objection must be deemed waived.

[2] CONVERSION—TORTIOUS ACT IMPLIED—DEMAND AND REFUSAL TO DELIVER PROPERTY INSUFFICIENT.—Conversion implies a tortious act on the part of the defendant. It must be made to appear that he has by some act wrongfully assumed title in himself or dominion over the property inconsistent with plaintiff's right thereto. Proof of the mere demand and refusal to deliver the property in itself is insufficient to constitute conversion, for the reason that such refusal may be due to loss or destruction of the property by reason of which defendant is unable to deliver it.

[3] PLEADING—PRESENTATION OF TWO THEORIES—FAILURE TO DEMUR — ADVERSE FINDING ON ONE THEORY — RIGHT TO RECOVER ON OTHER.—In an action to secure the return and redelivery of certain personal property, alleged to have been deposited with the defendant as bailee and by the latter converted to its own use, or the value thereof, together with reimbursement for time and money expended in pursuit thereof, where the allegations of the complaint, to which no demurrer is interposed, are such as to present two theories, upon either of which recovery might be had, and the findings as to one are adverse to plaintiff but as to the other they are in his favor, he is entitled to judgment on the latter theory.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Reversed.

The facts are stated in the opinion of the court.

Simms & Fulwider for Appellant.

2. Demand as necessary to support action where personalty is in possession of defendant as bailee, note, Ann. Cas. 1913A, 1105.

Bradner W. Lee, Bradner W. Lee, Jr., and Kenyon F. Lee for Respondent.

SHAW, J.—In this action plaintiff sought a judgment for the return and redelivery to him of certain personal property, alleged to have been deposited with the defendant as bailee and by the latter converted to its own use, or the value thereof, alleged to be $320.25, together with $150 for time and money expended in pursuit thereof.

Judgment went for defendant, from which plaintiff appeals on the judgment-roll.

While the complaint appears to have been based upon the theory of conversion, it, in addition to the allegations constituting such cause of action, set forth in detail facts showing the existence of a contract under which the goods were received by defendant as depository, to be redelivered upon demand, the making of such demand, and defendant's neglect and failure to so deliver them, as to all of which facts, put in issue by the answer and tried, the court found that defendant at the time in question conducted a bathhouse, the privileges of which it let for hire and undertook to safely keep and promptly return on demand valuables and pocket contents entrusted to it by patrons, among whom was plaintiff, from whom, on June 17, 1917, preparatory to his using the swimming-pool in the bathhouse, defendant received, upon a promise to safely keep and return to plaintiff on demand, the articles in question, the actual value of which was $320.25; that upon plaintiff's return to defendant's office he demanded the articles, whereupon defendant informed him that they had been lost and could not be found; that, as alleged by defendant, it made every effort to find the articles, but was unable to do so. As to the alleged conversion, the court found that, while defendant refused to pay plaintiff the value of the property, it is not true that it unlawfully converted the same to its own use, ''or has refused or does now refuse to redeliver the same or any part thereof to plaintiff''; and upon said findings the court, as a conclusion of law, found that plaintiff was entitled to take nothing.

[1] It is apparent that, since contrary to the provisions of section 427 of the Code of Civil Procedure, several causes of action, one in the nature of a tort and one upon contract,

were united, and, further, were not separately stated, the complaint was subject to attack by demurrer under the provisions of section 430 of the Code of Civil Procedure. No such attack, however, was made, and in the absence thereof the objection upon such ground, as provided by section 434 of the Code of Civil Procedure, must be deemed waived; and hence the case proceeded to trial upon all the issues joined by the complaint and answer.

[2] Conversion implies a tortious act on the part of the defendant. It must be made to appear that he has by some act wrongfully assumed title in himself or dominion over the property inconsistent with plaintiff's right thereto. (*Steele* v. *Marsicano,* 102 Cal. 666, [36 Pac. 920]; *Daggett* v. *Gray,* 110 Cal. 169, [42 Pac. 568].) Proof of the mere demand and refusal to deliver the property in itself is insufficient to constitute conversion, for the reason that such refusal may be due to loss or destruction of the property by reason of which defendant is unable to deliver it (*Hawkins* v. *Hoffman,* 6 Hill (N. Y.), 586, [41 Am. Dec. 767]; *Hill* v. *Belasco,* 17 Ill. App. 194); and the fact of the loss of the articles, as found by the court, is no doubt the ground upon which it held there was no conversion. [3] Nevertheless, other facts were alleged in the complaint and found to be true, which, conceding there was no conversion, are sufficient to entitle plaintiff to judgment for the breach of defendant's contract in failing, on demand therefor, to redeliver the goods entrusted to its care. The allegations of the complaint, to which no demurrer was interposed, were such as to present two theories, upon either of which recovery might be had, and while the findings as to one are adverse, they are as to the other in favor of plaintiff, and hence judgment should follow thereon in his favor.

The judgment is reversed and the trial court instructed to enter judgment in favor of plaintiff for $320.25, together with interest thereon from June 17, 1917.

Conrey, P. J., and James, J., concurred.