STATE ex rel. The DOE RUN RE-
SOURCES CORPORATION,
et al., Relators,

v.

Honorable Margaret M. NEILL, Presid-
ing Judge, Twenty–Second Judicial
Circuit, City of St. Louis, Respondent.

No. SC 85451.

Supreme Court of Missouri,
En Banc.

Feb. 10, 2004.

Rehearing Denied March 30, 2004.

Andrew Rothschild, Richard A. Ahrens, John H. Quinn, III, Jeffrey L. Cramer, T. Michael Ward, James M. Cox, John R. Musgrave, St. Louis, for relators.

Edward D. Robertson, Jr., Anthony L. DeWitt, Jefferson City, Robert F. Ritter, Maurice B. Graham, Patrick J. Hagerty, Jeffrey J. Lowe, Francis Casey Flynn, St. Louis, William M. Wunderlich, High Ridge, Kevin S. Hannon, Denver, CO, for respondent.

James W. Gallaher, Jefferson City, for Amicus Curiae (Missouri Chamber of Commerce & Industry).

Marc H. Ellinger, Jefferson City, for Amicus Curiae (Associated Industries of Missouri).

RICHARD B. TEITELMAN, Judge.

Relators Doe Run Resources Corporation, *et al.*, seek a writ of prohibition barring Respondent from taking any further action other than transferring the underlying case to a proper venue. Relators argue that defendant Marvin Kaiser, the chief financial officer (CFO) of Doe Run

and a resident of the City of St. Louis at the time the petition was filed, was joined pretensively so that the plaintiffs could obtain venue in the Circuit Court of the City of St. Louis. The preliminary writ previously issued is quashed.

## BACKGROUND

Doe Run operates a lead smelter in Herculaneum, Missouri. The smelter emits particulate lead and other contaminants. As a result of these emissions, eight individuals filed a class action suit in the Circuit Court of the City of St. Louis. The plaintiffs allege that emissions from the smelter have damaged property in a defined area within the City of Herculaneum. They pled causes of action for negligence and negligence per se, strict liability, private nuisance, and trespass. The plaintiffs sued both resident and nonresident corporations and individuals, including Doe Run and Mr. Kaiser.

Plaintiffs contend that city venue is appropriate under section 508.010.3, which provides that "[w]hen there are several defendants, some residents and others nonresidents of the state, suit may be brought in any county of this state in which any defendant resides...." Section 508.010(3). The only alleged nexus with the City of St. Louis is that Mr. Kaiser resided in the City at the time the petition was filed.

Conversely, Relators argue that Mr. Kaiser was joined pretensively solely to obtain city venue. Relators contend that the petition fails to state a claim against Mr. Kaiser in his individual capacity because all of the alleged acts and omissions occurred within the course and scope of his employment. Alternatively, Relators argue that even if the plaintiffs state a claim against Mr. Kaiser individually, the facts pled are demonstrably false and no cause of action lies.

## ANALYSIS

### Prohibition

Prohibition is a discretionary writ that may be issued to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent exercise of extra-jurisdictional power. *State ex rel. York v. Daugherty,* 969 S.W.2d 223, 224 (Mo. banc 1998). Prohibition is appropriate if venue is improper. *State ex rel. SSM Health Care St. Louis v. Neill,* 78 S.W.3d 140, 142 (Mo. banc 2002). However, prohibition is an extraordinary writ and is issued sparingly. Prohibition lies only if the facts and circumstances of a particular case demonstrate unequivocally that there exists an extreme necessity for preventative action. *Derfelt v. Yocom,* 692 S.W.2d 300, 301 (Mo. banc 1985).

### Pretensive Joinder

Although plaintiffs may file suit in any statutorily permissible venue, courts will not permit plaintiffs to engage in the pretense of joining defendants for the sole purpose of obtaining venue. *State ex rel. Malone v. Mummert,* 889 S.W.2d 822, 824 (Mo.banc 1994). The party claiming pretensive joinder bears the burdens of persuasion and proof. *Id.*

There are two tests for pretensive joinder. *Id.* Under the first test, joinder is pretensive if the petition on its face fails to state a claim against the joined defendant. *Id.* Under the second test, joinder is pretensive if there is in fact no cause of action against the joined defendant, even though the petition on its face states a cause of action. *Id.* at 825. Both tests are objective, requiring that the plaintiff have a realistic belief under the law and evidence that a valid claim exists. *Id.* Joinder is pretensive if either test is satisfied. *Hefner v. Dausmann,* 996

S.W.2d 660, 663 (Mo.App. S.D.1999). Relators argue that the plaintiffs' joinder of Mr. Kaiser is pretensive under both tests.

## I.  *The first Malone test*

■ Relators argue that the petition fails to state a claim against Mr. Kaiser individually because the alleged acts and omissions were carried out in his capacity as a corporate officer, not as an individual. As noted in *Malone*, whether a petition states a claim against a defendant for venue purposes is a difficult issue. *Id.* at 825. The standard for determining if a petition states a claim against a defendant for venue purposes is whether, after reasonable legal inquiry under the circumstances, the plaintiffs state a claim under existing law or under a non-frivolous argument for the extension, modification or reversal of existing law, or under a non-frivolous argument for the establishment of new law. *Id.* at 825. Although this standard is less stringent than for granting a motion for summary judgment or sustaining a motion to dismiss on the merits, the petition still must be "liberally construed" in favor of the plaintiff. *Id.*

■ While simply holding a corporate office does not expose an officer to individual liability for corporate misdeeds, it also does not necessarily shield the officer from individual liability. An individual is not protected from liability simply because the acts constituting the tort "were done in the scope and course, and pertained to, the duties of his employment." *Curlee v. Donaldson,* 233 S.W.2d 746, 754 (Mo.App.1950). If the rule were otherwise, "the agent of a corporation could shield himself from liability for almost every kind of wrong, provided he was acting in the capacity of agent...." *Boyd v. Wimes,* 664 S.W.2d 596, 598 (Mo.App. 1984), quoting, *Rauch v. Brunswig,* 155 Mo.App. 367, 137 S.W. 67, 68 (1911).

Thus, a corporate officer may be held individually liable for tortious corporate conduct if he or she had "actual or constructive knowledge of, and participated in, an actionable wrong." *Lynch v. Blanke Baer & Bowey Krimko, Inc.,* 901 S.W.2d 147, 153 (Mo.App.1995); *Grothe v. Helterbrand,* 946 S.W.2d 301, 304 (Mo.App.1997).

■ When liberally construed, the plaintiffs' petition states a cause of action against Mr. Kaiser in his individual capacity that is sufficient to withstand a motion to dismiss based upon alleged pretensive joinder. The plaintiffs allege that Doe Run had a duty under state and federal environmental laws to control its emissions and that Doe Run was in violation of those laws, leading directly to the property damage within the defined area. The plaintiffs further allege that Kaiser, as the CFO, knew of and participated in Doe Run's tortious conduct by helping to set and then approve budgets that delayed or rejected the implementation of adequate measures for pollution control as well as remediation of properties within the defined area. Because of his actions, plaintiffs allege that Mr. Kaiser had "actual or constructive knowledge of Doe Run's wrongful conduct and participated in it" and, thus, is liable in his individual capacity. These allegations state a cause of action against Mr. Kaiser in his individual capacity under the standards announced in *Lynch* and *Grothe.* Relators have failed to carry their burden of showing that the plaintiffs failed to state a cause of action against Mr. Kaiser.

## II.  *The second Malone test*

■ Relators also argue that even if plaintiffs' petition states a cause of action, the facts pleaded are not true and demonstrate that Mr. Kaiser was joined pretensively. To prevail on this argument, Relators must show that the "record, pleadings, and facts presented in support

of [their] motion asserting pretensive joinder establish that there is, in fact, no cause of action against the [joined] defendant and that the information available at the time the petition was filed would not support a reasonable legal opinion that a case could be made against the [joined] defendant." *Malone*, at 825. Even if the plaintiffs' reasonable belief subsequently proves false, it is "irrelevant" to the pretensive joinder determination. *Bottger v. Cheek*, 815 S.W.2d 76, 79 (Mo.App.1991).

■ To refute the plaintiffs' allegations, Relators included the affidavits of Mr. Kaiser and another corporate officer. Both affidavits challenge the plaintiffs' allegations that Mr. Kaiser approved budgets that rejected or delayed the implementation of pollution controls. However, these affidavits were not made until after the plaintiffs filed their petition, and, as such, were not among the "information available at the time the petition was filed." *See Malone* at 825. Furthermore, where the plaintiffs can point to specific facts that support their belief that a cause of action existed against Mr. Kaiser at the time the petition was filed, joinder is not pretensive. *See State ex rel. Hoeft v. Koehr*, 825 S.W.2d 65, 67 (Mo.App.1992). The plaintiffs contested the affidavits by filing numerous exhibits containing the facts and data relied upon to plead their claim against Mr. Kaiser. These exhibits included information on general environmental conditions around the smelter as well as specific budget decisions regarding environmental matters. As the CFO, Mr. Kaiser was or likely was involved in these decisions. After briefing, argument, and reviewing the evidence, Respondent found that the information available to the plaintiffs at the time the petition was filed supported a realistic belief that a valid claim against Mr. Kaiser exists under Missouri law. This Court agrees. While it is possible that Mr. Kaiser may eventually succeed on a motion for summary judgment or at trial, the ultimate substantive merits of plaintiffs' allegations as determined later in the judicial process are not relevant at this stage. The only relevant inquiry is whether the records and pleadings support a realistic belief that there is a claim against Mr. Kaiser. Relators have not carried their burden of showing that the facts pled are in fact false.

The preliminary writ previously issued is quashed.

WHITE, C.J., WOLFF and STITH, JJ., concur.

BENTON, J., dissents in separate opinion filed.

PRICE and LIMBAUGH, JJ., concur in opinion of BENTON, J.

DUANE BENTON, Judge, dissenting.

I dissent. This case exemplifies the general rule:

> Merely holding a corporate office will not subject one to personal liability for the misdeeds of the corporation.

*Boyd v. Wimes*, 664 S.W.2d 596, 598 (Mo. App.1984). This is common sense because corporations must act through individuals, who are not personally liable for doing their jobs. Someone must hire and fire employees, without incurring personal liability. *Lynch v. Blanke Baer & Bowey Krimko, Inc.*, 901 S.W.2d 147, 154 (Mo. App.1995). Someone must carry out contracts, without incurring personal liability. *Zipper v. Health Midwest*, 978 S.W.2d 398, 414 (Mo.App.1998).

There is an exception:

> [N]othing short of active participancy in a positively wrongful act intendedly and directly operating injuriously to the prejudice of the party complaining will give origin to individual liability.

*Fusz v. Spaunhorst,* 67 Mo. 256, 264 (1878); *Wolfersberger v. Miller,* 327 Mo. 1150, 39 S.W.2d 758, 764 (1931). A corporate president that defrauds or steals is personally liable, although acting in the corporation's name. *See Boyd,* 664 S.W.2d at 598; *Grothe v. Helterbrand,* 946 S.W.2d 301, 304 (Mo.App.1997); *Rauch v. Brunswig,* 155 Mo.App. 367, 137 S.W. 67, 67–68 (1911); *Osterberger v. Hites Constr. Co.,* 599 S.W.2d 221, 229 (Mo.App.1980); *Constance v. B.B.C. Dev't Co.,* 25 S.W.3d 571, 589–90 (Mo.App.2000). A manager who controls the operations of the corporation, and directs the wrong, is individually liable. *Robinson v. Moark–Nemo Consol. Mining Co.,* 178 Mo.App. 531, 163 S.W. 885, 887–88 (1914); *Curlee v. Donaldson,* 233 S.W.2d 746, 754 (Mo.App.1950). Usually, an officer held personally liable is an owner of the corporation. *See, e.g., Grothe,* 946 S.W.2d at 304; *Constance,* 25 S.W.3d at 589; *Curlee,* 233 S.W.2d at 754.

In this case, the officer is not the president, not a manager of operations, and not an owner. He is a staff officer, the chief financial officer. Before a corporate staff officer may be sued individually, active participancy requires more than the performance of normal job duties. Suit should not be allowed for "rubber stamp" financial approval or authorization. To constitute active participancy, a chief financial officer must have the freedom to disburse funds in a discretionary manner, and actively do so with the intent to accomplish a positively wrongful act.

Plaintiffs do not allege that Marvin K. Kaiser, the chief financial officer, had any discretion over environmental funding. The petition does not state a cause of action against Kaiser. *See State ex rel. Malone v. Mummert,* 889 S.W.2d 822, 825 (Mo. banc 1994). Most allegations against him repeatedly re-state the precise words of the exception. "Mere conclusions of the pleader not supported by factual allegations are disregarded in determining whether a petition states a claim on which relief can be granted." *Commercial Bank of St. Louis County v. James,* 658 S.W.2d 17, 22 (Mo. banc 1983). The more specific allegations in the petition reference Kaiser's "involvement" in budgeting, such as helping to set budgets, approving expenditures, and signing financial assurances to the State of Missouri. *See Section 444.368 RSMo 2000.* Plaintiffs never allege that he had any discretionary authority, the minimum for active participation.

More importantly, joinder is pretensive if there is in fact no cause of action against the joined defendant, even if the petition on its face states a cause of action. *See Mummert,* 889 S.W.2d at 825. Here, joinder is pretensive because Kaiser did not actively participate in making environmental decisions. Kaiser never refused to authorize a funding request. He supplied one of six required signatures for financial disbursements, in order to ensure that spending was properly authorized, funded, and accounted for. He never had authority over any environmental employees or programs. He did not propose or reject specific environmental expenditures.

Venue is not proper in the Circuit Court for the City of St. Louis. Fortunately, the General Assembly can correct the state of the law. Venue is determined solely by statute. *State ex rel. BJC Health System v. Neill,* 121 S.W.3d 528, 529 (Mo. banc 2003). The legislature can prescribe that, when the corporation is also a defendant, venue is not determined by the personal residence of a corporate officer who does not intend to actively participate in a positively wrongful act.