**STATE ex rel. COCA COLA BOTTLING COMPANY OF MID–AMERICA, Relator,**

v.

**Hon. Gary GAERTNER, Judge of the Circuit Court, 22nd Judicial Circuit,**

and

**Hon. Freeman Bosley, Clerk of the Circuit Court, 22nd Judicial Circuit,**

and

**Glen Graham, Respondents.**

No. 65873.

Supreme Court of Missouri, En Banc.

Dec. 18, 1984.

---

Thomas J. Plunkert, St. Louis, for relator.

Vernon Dawdy, Fenton, for respondents.

HIGGINS, Judge.

Coca Cola Bottling Company of Mid-America seeks prohibition or mandamus to

prevent Judge Gary Gaertner from transferring the underlying damage suit from the Circuit Court of the City of St. Louis to the Circuit Court of Pettis County and from taking any further action in the case other than to dismiss it for lack of proper venue. A provisional rule in prohibition and an alternative writ of mandamus issued April 16, 1984. The question is whether joinder of a party whose presence in the suit supports venue but against whom the statute of limitations has run establishes proper venue for a suit against a co-defendant not otherwise subject to the jurisdiction of the court. If not, the related question is whether a court that lacks jurisdiction because venue is improper can transfer the case to a court of proper venue. The preliminary writ of prohibition is made absolute.

On July 25, 1978, Glen Graham was injured on Coca Cola's premises when struck by a fork lift operated by Jesse McFail, an employee of Coca Cola. On February 22, 1983, plaintiff Graham filed a personal injury action against defendant Coca Cola in the City of St. Louis. The only connection defendant has with St. Louis City is the presence there of its registered agent for service of process. Defendant entered a special appearance March 25, 1983, to challenge venue. On August 1, 1983, plaintiff filed an amended petition in St. Louis City to join McFail as a defendant. Defendant Coca Cola again entered a special appearance to challenge venue, and defendant McFail filed a motion to dismiss. Judge Gaertner dismissed the amended petition against McFail under the bar of the statute of limitations; and over the objection of Coca Cola, the court transferred the case to Pettis County.

Relator contends that the Circuit Court of the City of St. Louis lacks venue over the suit under section 508.040, RSMo 1978, and so has no jurisdiction to proceed, including no jurisdiction to transfer to a court of proper venue. Relator says that joinder of McFail was improper because the statute of limitations had run as to McFail, and was attempted to circumvent the venue provisions of section 508.040. Respondent

Graham defends his joinder of McFail; he asserts that venue was proper in St. Louis City under section 508.010, RSMo 1978, with the filing of the amended petition, and that the circuit court thus acquired jurisdiction.

Section 508.040 applies when a corporation is the sole defendant and places venue "either in the county where the cause of action accrued ... or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business." St. Louis City was neither "the county where the cause of action accrued" nor the county where relator has or usually keeps "an office or agent for the transaction of [its] usual and customary business." A registered agent is not an agent within the meaning of the statute. *Sperry Corporation v. Corcoran*, 657 S.W.2d 619 (Mo. banc 1983); *Wadlow v. Donald Lindner Homes, Inc.*, 654 S.W.2d 644 (Mo.App. 1983); *State ex rel. Whaley v. Gaertner*, 605 S.W.2d 506 (Mo.App.1980).

Under section 508.040, RSMo 1978, then, venue is not in St. Louis City. Respondent argues, however, for application of section 508.010, RSMo 1978, the general venue statute. Although section 508.010 supports venue in St. Louis City, the statute applies only where there are individual as well as corporate defendants, *State ex rel. Hails v. Lasky*, 546 S.W.2d 512 (Mo. App.1977). Thus its application here depends on proper joinder of McFail.

If a plaintiff improperly joins the defendant through whom venue is acquired, then venue is not proper. *Wadlow v. Donald Lindner Homes, Inc.*, 654 S.W.2d at 646–647. *See Kloos v. Corcoran*, 643 S.W.2d 94 (Mo.App.1982). Courts recognize pretensive joinder "(1) where the pretensive nature of the joinder appears on the face of the pleadings and (2) where there is in fact no cause of action against the resident defendant." *Sledge v. Town & Country Tire Centers, Inc.*, 654 S.W.2d 176, 181 (Mo.App.1983). In the latter instance, joinder is pretensive if accomplished

without an honest belief, based on the law and the evidence, that a justiciable claim exists against the party joined. *Rakestraw v. Norris,* 478 S.W.2d 409, 414 (Mo.App. 1972).

The amended petition on its face shows that the suit against McFail was barred by the statute of limitations. Counsel for plaintiff conceded before the circuit court that the statute of limitations had run on the cause of action against McFail, and the court sustained McFail's motion to dismiss for this reason. Respondent Graham's citation of authority for the proposition that the statute of limitations is an affirmative defense that is waived unless pleaded does not aid his argument because there is no dispute in this case that McFail properly asserted the defense. Respondent admits McFail pleaded the statute in his additional argument that McFail, by filing an answer and motions for judgment on the pleadings and to dismiss based on the statute of limitations, submitted to the jurisdiction of the court, bringing the case within section 508.010.

■ This second argument fails because once the circuit court properly dismissed the amended petition, it had jurisdiction to proceed against relator only if suit against relator alone could have been brought in St. Louis City or if McFail was a proper co-defendant when joined. *Wadlow v. Donald Lindner Homes, Inc.,* 654 S.W.2d at 646. As noted, venue in St. Louis City was improper against relator alone. Apparently to justify joinder of McFail, respondent argues that McFail is the primary tortfeasor whose identity was unknown prior to filing the amended petition. Respondent does not explain why he was unable to identify the fork lift operator in the five years that elapsed before the statute of limitations ran. The timing of joinder, the dates on the face of the pleadings showing the expiration of the limitations period, and plaintiff's concession show that he knew McFail could not be held liable under the law. *Diehr v. Carey,* 238 Mo.App. 889, 191 S.W.2d 296 (1945). If respondent stated a "paper case" against

McFail, *Rakestraw v. Norris,* 478 S.W.2d at 414, he fails to establish that he had an honest belief in a justiciable claim against McFail. Joinder of McFail was thus insufficient to establish venue in the City of St. Louis as to relator. Because venue was improper, the court acquired no jurisdiction over relator and was powerless to proceed. *State ex rel. Wasson v. Schroeder,* 646 S.W.2d 105, 106 (Mo. banc 1983); *Wadlow v. Donald Lindner Homes, Inc.,* 654 S.W.2d at 646–647.

■ Nor could the court transfer the case to a court of proper venue. *State ex rel. Boll v. Weinstein,* 365 Mo. 1179, 295 S.W.2d 62 (1956). *See also State ex rel. Ballew v. Hawkins,* 361 S.W.2d 852 (Mo. App.1962). The court in *Weinstein* rejected an argument that a court that lacks jurisdiction has "inherent power" to transfer a case, noting the absence of statutory or case law authority for a transfer. 295 S.W.2d at 66–67. This Court concludes that the Circuit Court of St. Louis City exceeded its authority and jurisdiction in ordering the proposed transfer; prohibition lies to prevent such an attempted transfer. *Weinstein,* 295 S.W.2d at 68. *See also Sperry Corporation v. Corcoran,* 657 S.W.2d 619, 620 (Mo. banc 1983); *State ex rel. Wasson v. Schroeder,* 646 S.W.2d at 106; *State ex rel. Allen v. Barker,* 581 S.W.2d 818, 824 (Mo. banc 1979).

Accordingly, the preliminary writ of prohibition is made absolute.

All concur.