**STATE of Missouri ex rel. TOAST-MASTER, INC. and Michael W. Grinder, Relators,**

v.

**The Honorable Thomas C. MUMMERT, III, Judge of the Circuit Court of the City of St. Louis, Missouri, Respondent.**

No. 63703.

Missouri Court of Appeals, Eastern District, Writ Division Three.

July 20, 1993.

---

Paul Meredith Brown, Neal C. Stout, St. Louis, for relators.

Michael Gerard Beck, St. Louis, for respondent.

CRAHAN, Presiding Judge.

This is an original proceeding in prohibition seeking to prevent Respondent from taking further action in a personal injury suit on the ground that venue in the City of St. Louis was improperly acquired by reason of Plaintiff's pretensive joinder of his uninsured motorists insurance carrier. We hold that Plaintiff's joinder of his uninsured motorists carrier was pretensive and therefore order our preliminary writ heretofore issued be made permanent.

The underlying action arose from an off-road accident in which Christopher Litty ("Plaintiff") was allegedly struck by a fork-lift operated by Michael W. Grinder, a Toastmaster employee, inside Toastmaster's warehouse in Macon County, Missouri. Plaintiff filed a two-count petition in the Circuit Court of the City of St. Louis. Count I alleges negligence in the operation of the forklift and seeks to recover from Toastmaster and Mr. Grinder for personal injuries. Count II attempted to state a claim against American Family Insurance Co. pursuant to the uninsured motor vehicle provision of Plaintiff's automobile liability insurance policy. Toastmaster is a corporation with its headquarters in Boone County, Missouri. Toastmaster does not maintain an office or agent in the City of St. Louis. Mr. Grinder resides in Macon County, Missouri. American Family has an office in the City of St. Louis. Venue in the City of St. Louis was predicated on the claim against American Family.

Toastmaster and Mr. Grinder filed a motion to dismiss defendant American Family and for change of venue alleging *inter alia* that joinder of American Family was pretensive and for the sole purpose of establishing venue in the City of St. Louis. American Family filed a separate motion to dismiss or in the alternative, a motion for summary judgment. On March 11, 1993, Respondent granted American Family's motion to dismiss because the "co-defendants, the alleged uninsured motorist, are in fact insured as described by co-defendants in their answers to American Family's interrogatories directed to co-defendant, specifically through Employers' Insurance of Wausau." Respondent denied Toastmaster and Grinder's motion to transfer venue. This proceeding in prohibition followed.

If Plaintiff improperly joined American Family, venue as to the remaining defendants would be improper. *State ex rel. Hoeft v. Koehr*, 825 S.W.2d 65, 66 (Mo.App. 1992); *State ex rel. Coca Cola v. Gaertner*, 681 S.W.2d 445, 447 (Mo. banc 1984). Venue is pretensive if (1) the petition on its face fails to state a claim against the resident defendant; or (2) the petition does state a cause of action against the resident defendant, but the record, pleadings and

facts presented in support of a motion asserting pretensive joinder establish that there is, in fact, no cause of action against the resident defendant and that the information available at the time the petition was filed would not support a reasonable legal opinion that a case could be made against the resident defendant. *State ex rel. Hoeft, supra*, 825 S.W.2d at 66; *Bottger v. Cheek*, 815 S.W.2d 76, 79 (Mo.App. 1991). The standard is an objective one, appropriately denominated as a realistic belief that under the law and the evidence a justiciable claim exists. *Id.*

Relators urge that Plaintiff's petition fails to state a claim against American Family. In addition, Relators contend that, even if the petition is sufficient on its face, the record made at the hearing on their motion establishes that Plaintiff in fact has no claim against American Family and could not have entertained a realistic belief that he had a justiciable claim because (1) Relators are insured for the damages alleged in the petition and Plaintiff had no reason to believe otherwise; and (2) the language of Plaintiff's uninsured motorists policy excludes coverage for an off-road accident involving a forklift. We need not reach the merits of all of these contentions because the coverage issue is dispositive.

The uninsured motorists provision of Plaintiff's policy provides coverage for injuries sustained as a result of an accident involving an uninsured motor vehicle. The definition of motor vehicle provides in pertinent part:

Motor vehicle means a land motor vehicle or trailer. But it does not mean a vehicle

. . .

b) which is a farm-type tractor or equipment designed for use mainly off public roads while so used.

There is no dispute that the forklift is "equipment designed for use mainly off public roads" and was, in fact, being used in a warehouse and not on a public road at the time of the accident. Thus, on its face, the plain language of the policy excludes uninsured motorists coverage for the accident in question.

Plaintiff urges, nevertheless, that the term "farm-type" modifies both "tractor" and "equipment," or at the very least creates an ambiguity which objectively supports a realistic belief that there was a justiciable claim against American Family for uninsured motorists coverage. Further, Plaintiff asserts that the entire exclusion clause violates Section 379.203 RSMo. (Cum.Supp.1992) because a forklift is a "motor vehicle," a term undefined in the uninsured motorists coverage statute. We disagree.

■ The statutory argument advanced by Plaintiff was expressly considered and rejected in *Meeks v. Berkbuegler*, 632 S.W.2d 24 (Mo.App.1982). In *Meeks*, we pointed out that the policy behind § 379.203 is to provide the insured motorist with at least the same amount of protection as would have been provided if a tortfeasor had complied with the Motor Vehicle Safety Responsibility Law, § 303.010, *et seq.* The Motor Vehicle Safety Responsibility Law applies to the operation of a "motor vehicle," as defined in § 303.020(5) RSMo. (Cum.Supp.1992), which provides:

§ 303.020 Definitions . . .

(5) 'Motor vehicle,' a self propelled vehicle which is designed for use upon a highway, except trailers designed for use with such vehicles, traction engines, road rollers, farm tractors, tractor cranes, power shovels, well drillers and motorized bicycles, as defined in section 307.-180 RSMo. and every vehicle which is propelled by electric power obtained from overhead wires but not operated upon the rails;

Construing a previous and substantially similar version of this definition in *Meeks*, we held that the Motor Vehicle Responsibility Law does not include vehicles designed for off-road use and that such vehicles may therefore be excluded from uninsured motorists coverage without violating § 379.-203 or public policy. 632 S.W.2d at 26. Thus, Plaintiff's contention that there was an objective and reasonable basis for claiming coverage on the ground that the exclusion violates § 379.203 must be rejected.

We likewise reject Plaintiff's assertion that the exclusionary language in his policy is ambiguous and therefore supported a realistic belief that there was a justiciable claim for uninsured motorists coverage against American Family. As indicated above, Plaintiff asserts that the term "farm-type" can be read as modifying both "tractor" and "equipment" such that only "farm-type equipment" designed for off-road use and so used is excluded from coverage. Plaintiff reasons that if exclusion of all equipment designed for off-road use was intended, it would have been a simple matter to re-word the exclusion to state "which is equipment or a farm-type tractor designed for use mainly off public road, while so used." We disagree.

The interpretation and meaning of an insurance policy is a question of law. *Moore v. Commiercial Union Ins. Company*, 754 S.W.2d 16, 18 (Mo.App.1988). In construing an insurance policy, the words must be given their plain meaning, consistent with the reasonable expectations, objectives, and intent of the parties. *Krombach v. Mayflower Ins. Co., Ltd.*, 785 S.W.2d 728, 731 (Mo.App.1990). An ambiguity in an insurance contract exists only where there is doubt or uncertainty as to its meaning and it is *fairly susceptible* to two interpretations. *Earl v. State Farm Mut. Auto. Ins. Co.*, 820 S.W.2d 623, 625 (Mo.App.1991). If no ambiguity exists, then the policy must be construed according to its plain meaning. *Krombach, supra*, 785 S.W.2d at 731.

The adjective "farm-type" before the word "tractor" is necessary to distinguish farm tractors from other types of tractors which would be subject to the requirements of § 303.010 *et seq.* and § 379.203—*e.g.*, the "tractors" used to pull trailers in "tractor-trailer" trucks.[1] The statutory definition of "motor vehicle" set forth above similarly excludes "farm tractors."

The adjective "farm-type" would properly modify "equipment" only if there was an intent to extend coverage well beyond the requirements of the law so as to exclude "farm-type" equipment designed for off-road use but not other types of equipment (*e.g.*, lawn mowers) designed for off-road use. This is not a sensible construction in light of the purpose of the Motor Vehicle Safety Responsibility Act, which is to ensure that people who are injured *on the highways* may collect damage awards. *Meeks, supra; Halpin v. American Family Mut. Ins. Co.*, 823 S.W.2d 479, 482 (Mo. banc 1992); *Shelter Mutual Ins. Co. v. Haney*, 824 S.W.2d 949, 952 (Mo.App.1992). "Farm-type" equipment[2] would also clearly include "farm-type" tractors, thus making reference to tractors superfluous.

Moreover, the alleged easy fix suggested by Plaintiff would create ambiguity, not remove it. Under Plaintiff's alternative language there would be a question whether the modifying clause "designed for use mainly off public roads, while so used" applied to equipment or only to "farm-type tractors," which are, by virtue of the definition in § 303.020, excluded from the requirements of § 379.203 and, as a matter of common knowledge, "designed for use mainly off public roads." The same cannot be said of the general category of "equipment" which, without the modifying clause, would be an ambiguous term and potentially overly exclusive in view of the provisions of § 303.020 and § 379.203.

In light of the foregoing, we hold that the exclusion clause in American Family's policy clearly and unambiguously excludes coverage for an off-road accident involving a forklift. There is no dispute that Plaintiff was aware of the exclusion at the time of filing. Thus, we find that Plaintiff did not have a realistic belief that a justiciable claim existed against American Family at the time of filing. Therefore, joinder of

---

1. *Webster's New Universal Unabridged Dictionary* (2d Ed.1983) defines "tractor" as "(a) a small powerful vehicle with a gasoline or diesel engine and, sometimes, caterpillar treads, for pulling farm machinery, hauling loads, etc; (b) a kind of truck with a driver's cab and no body, designed for hauling one or more large vans or trailers; ...."

2. The same edition of *Webster's* defines "equipment" as "in transportation, cars, trucks, etc.; rolling stock, as distinguished from stationary property."

American Family was pretensive and venue is improper as to Relators. Accordingly, we order our preliminary writ of prohibition be made permanent and direct Respondent to take no further action in this case except to transfer the cause to a circuit court of proper venue.

CARL R. GAERTNER and SIMON, JJ., concur.