STATE ex rel. Tracy L. CROSS and
Eric L. Swanson, Relators,

v.

Honorable David P. ANDERSON,
Judge, Circuit Court, Greene
County, Respondent.

No. 76563.

Supreme Court of Missouri,
En Banc.

June 21, 1994.

Bob Bruer, John Wooddell, Springfield, for relators.

Kent O. Hyde, William C. Love, Springfield, for respondent.

THOMAS, Judge.

This proceeding arises from an underlying medical malpractice action. Tracy L. Cross and Eric L. Swanson (Parents) filed suit in Greene County against Lester E. Cox Medical Centers (Cox), Texas County Memorial Hospital (TCMH), and four individual defendants following the death of their daughter, Brittany Nicole Swanson. Following substantial procedural maneuvering, the trial judge entered an order finding venue pretensive as to Cox, dismissing Cox from the suit, and transferring the case to Texas County. Parents sought a writ of prohibition in the court of appeals seeking to prevent the trial judge from enforcing his order. The court of appeals entered a show cause order, but then denied the petition for writ of prohibition. Parents filed a petition for writ of prohibition in this Court. We issued a preliminary writ of prohibition. We now make the writ absolute.

## I.

Tracy Cross took Brittany to the outpatient department of TCMH for tests. During the testing, Brittany went into a coma. She was transferred to Cox, and she died the next day.

Parents filed their petition for wrongful death on August 3, 1993. All of the allegations of negligence relate to the testing administered at TCMH in Texas County. Cox was included in the suit because it had entered into a "Management Agreement" with TCMH. Parents contend that the petition alleges theories of joint venture, respondeat superior, and direct negligence against Cox. Venue in Greene County is based solely on Cox's presence in the suit and Cox's having an office or agent in Greene County for the transaction of its usual and customary business. *See § 508.040, RSMo 1986.*

Cox filed a motion for summary judgment. Cox filed suggestions in support of its motion and included a copy of the management agreement. Parents filed suggestions in opposition to the motion and also included a copy of the management agreement. The other defendants filed motions to dismiss alleging that venue was improper. On September 27, 1993, an amended petition was filed by leave of court. The same day, the pending motions were overruled.

On September 30, 1993, TCMH and three of the four individual defendants filed a motion to dismiss the amended petition stating that venue was pretensive as to Cox. A request for change of judge was granted on October 8, 1993. On October 19, 1993, the fourth individual defendant filed a motion to dismiss alleging pretensive venue. Cox filed a second motion for summary judgment on December 8, 1993. On December 16, 1993, the trial court filed its order finding venue pretensive as to Cox, sustaining the motions as to improper venue, dismissing Cox from the case, and transferring the case to Texas County.

## II.

Parents contend that the trial court's determination that the cause of action against Cox should be dismissed and the remainder of the case transferred is erroneous because: (1) the trial court failed to consider two of the legal theories alleged in the petition; (2) the contract between Cox and TCMH indicates that their relationship may be a joint venture; and (3) the ruling amounts to sustaining Cox's motion for summary judgment, and the plaintiffs did not receive the procedural benefits to which they were entitled. We need not reach Parents' claims of error because the trial court did not apply the proper test in determining whether joinder and venue were pretensive.

## III.

### A.

The court of appeals in *State ex rel. Toastmaster v. Mummert,* 857 S.W.2d 869, 870–71 (Mo.App.1993), cited *State ex rel. Coca Cola v. Gaertner,* 681 S.W.2d 445, 447 (Mo. banc 1984), and properly set forth the test for pretensive joinder as follows:

> Venue is pretensive if (1) the petition on its face fails to state a claim against the resident defendant; or (2) the petition does state a cause of action against the resident defendant, but the record, pleadings and facts presented in support of a motion asserting pretensive joinder establish that there is, in fact, no cause of action against the resident defendant and that the information available at the time the petition was filed would not support a reasonable legal opinion that a case could be made against the resident defendant. *State ex rel. Hoeft [v. Koehr], supra,* 825 S.W.2d [65] at 66 [ (Mo.App.1992) ]; *Bottger v. Cheek,* 815 S.W.2d 76, 79 (Mo.App.1991). The standard is an objective one, appropriately denominated as a realistic belief that under the law and the evidence a [valid] claim exists. *Id.*

*Toastmaster,* 857 S.W.2d at 870–71. The first situation is not applicable in the present case because the trial court must look to the record, specifically the management agreement, to resolve the question of whether venue was pretensive.

### B.

Paragraph six of the trial court's order in this case reads:

That since Lester E. Cox Medical Centers and Texas County Memorial Hospital were not operating as a joint venture, and since no other allegations are made against defendant Lester E. Cox Medical Centers for which any duty is alleged in Plaintiff's Amended Petition for Wrongful Death, Plaintiff's Amended Petition for Wrongful Death does not state a cause of action against defendant Lester E. Cox Medical Centers.

Paragraph seven begins:

That since there is no cause of action against the only resident defendant, to wit: Lester E. Cox Medical Centers, then venue is "pretensive" and venue in Greene County, Missouri, is therefore improper as to the remaining defendants....

There is no indication the trial court considered whether the plaintiffs could have had a reasonable legal opinion that a case could be made against Cox. Therefore, the trial court did not apply the proper test in determining whether joinder was pretensive.

### IV.

We make no ruling on whether joinder was pretensive or whether the case against Cox should have been dismissed. The preliminary writ prohibiting the trial court from enforcing its order of December 16, 1993, is made absolute.

COVINGTON, C.J., BENTON, PRICE, LIMBAUGH and ROBERTSON, JJ., and WEBBER, Special Judge, concur.

HOLSTEIN, J., not sitting.