**Dana L. PATAKY, Appellant,**

v.

**MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Respondent.**

No. WD 49373.

Missouri Court of Appeals, Western District.

Nov. 8, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 27, 1994.

Application to Transfer Denied Feb. 21, 1995.

Harold G. Johnson, St. Ann, for appellant.

Zachary Taylor Cartwright, Jr., Jefferson City, for respondent.

Before FENNER, C.J., P.J., and HANNA and Laura Denvir STITH, JJ.

FENNER, Chief Judge.

Appellant, Dana L. Pataky, appeals the judgment of the trial court dismissing her petition against respondent, Missouri Highway and Transportation Commission (MHTC). The petition was dismissed on the basis that the applicable statute of limitations had expired.

Pataky initially filed suit in the City of St. Louis for personal injuries arising out of a traffic accident which occurred on April 27, 1986. In the accident in question, another driver, Charles Todd, ran a stop sign and collided with Pataky's vehicle. The accident occurred in Callaway County, Missouri, at the site of a highway construction project.

On May 22, 1987, Pataky filed suit in the Circuit Court of the City of St. Louis against MHTC, Mertens Construction Company, Inc. (Mertens Construction), Cedar Valley Paving Corporation (Cedar Valley), John Doe, Cedar Valley's project foreman, and McGruder Construction Company, Inc. Pataky alleged in her petition that all defendants were involved in the construction project.

MHTC and Mertens Construction filed motions to dismiss the initial suit for improper venue which motions were denied. Mertens then sought prohibition from the Eastern District of the Court of Appeals and from the Missouri Supreme Court alleging improper venue. Mertens' efforts to obtain prohibition were denied.

Cedar Valley was an Iowa Corporation with a registered agent in St. Louis, Missouri. Pataky ultimately dismissed her claim against Cedar Valley on August 15, 1988, because Cedar Valley was not involved in the construction of the area where her injuries occurred. Pataky's claim against John Doe was also dismissed.[1]

On January 14, 1991, appellant dismissed her claim against MHTC without prejudice. The record further reflects that on January 17, 1991, summary judgment was granted in favor of Mertens Construction which was the last remaining defendant in the initial lawsuit.

Pataky subsequently refiled the same action against MHTC on January 8, 1992, in Cole County, Missouri. Pataky's second action was found to be barred by the applicable statute of limitations and was dismissed. It is the dismissal of her second action against MHTC from which Pataky appeals herein.

Appellant's first and third points are interrelated and will be addressed as one. In her first point, appellant argues that the applicable five year statute of limitations, which would otherwise have expired, was tolled by the filing of her first lawsuit in St. Louis City. MHTC challenges the propriety of venue in St. Louis City and appellant argues that even if venue in St. Louis City was improper in the first lawsuit, she had personal jurisdiction over MHTC in that suit. Therefore, appellant maintains that the five year statute of limitations was tolled. In her third point, appellant argues that joinder of Cedar Valley and its project supervisor, John Doe, was not pretensive so as to make venue in St. Louis City improper.

Section 516.120, RSMo 1986, is the applicable statute of limitations in this cause. Accordingly, suit is required to be filed within five years of the occurrence. However, Pataky argues that she was entitled to reinstate her cause of action against MHTC by virtue of section 516.230, RSMo 1986, the so-called "saving statute." Generally speaking, and as is relevant herein, section 516.230, RSMo 1986, provides that if an action is commenced within the time prescribed and later dismissed without prejudice, a new action can be commenced within one year after dismissal. Nonetheless, MHTC argues that venue was improper in the first suit in St. Louis City because of pretensive joinder. Therefore, MHTC argues that the Circuit Court of St. Louis City never acquired jurisdiction over MHTC and the saving statute does not apply.

 Venue could only be established in St. Louis City, under the circumstances of the case at bar, pursuant to section 508.010, RSMo 1986.[2] However, section 508.010, RSMo 1986, is only applicable to corporate defendants where there are individual defendants named as well as corporate defendants. *State ex rel. Riley v. McHenry*, 801 S.W.2d 779, 780 (Mo.App.1991). Therefore, venue was purportedly established in Pataky's ini-

---

1. It is not clear from the record at what point Pataky's claim against John Doe was dismissed. However, by January 17, 1991, John Doe was no longer a party.

2. None of the corporate defendants in the initial suit had an office or agent for the transaction of their usual business in St. Louis City.

tial suit by the joinder of John Doe, the unknown project superintendent for Cedar Valley. MHTC argues that the joinder of John Doe was pretensive.

■■■ If a plaintiff improperly joins the defendant through whom venue is acquired, then venue is not proper. *State ex rel. Coca Cola Bottling Co. v. Gaertner*, 681 S.W.2d 445, 447 (Mo. banc 1984). Courts recognize pretensive joinder (1) where the pretensive nature of the joinder appears on the face of the pleadings and (2) where there is in fact no cause of action against the resident defendant. *Id.* In the latter instance, joinder is pretensive if accomplished without an honest belief, based on the law and the evidence, that a justiciable claim exists against the party joined. *Id.* at 447–48.

Appellant argues that an unnamed individual employed by MHTC informed her prior to the time she filed her initial suit that Cedar Valley was one of the contractors involved with the construction project. Appellant made no further inquiry and had no additional information to show liability by Cedar Valley or that John Doe had any individual liability.

It is not necessary to determine if joinder of Cedar Valley was pretensive because the record does not reflect that appellant had an honest belief that a justiciable claim existed against John Doe. Appellant's evidence was that his sole source of information was some unnamed person who said that Cedar Valley was involved with the project. Appellant did not demonstrate that he had any information to establish liability against John Doe. Pataky therefore did not have an honest belief that a justiciable claim existed against John Doe. Accordingly, John Doe's joinder was pretensive and, therefore, venue was not proper in the initial suit. Venue having been

improper in 1987, the Circuit Court of St. Louis City did not acquire jurisdiction over MHTC under the law applicable at that time. *Oney v. Pattison*, 747 S.W.2d 137, 141 (Mo. banc 1988).[3]

Appellant's first and third points are denied.

■■ In her second point, appellant argues first that the statute of limitations is tolled against litigants, in a cause terminated without prejudice, when, by innocent mistake, suit was filed in the wrong forum. The case of *Webb v. Mayuga*, 838 S.W.2d 96 (Mo.App. 1992), so holds, but this argument is of no avail. As discussed under appellant's first point, the initial action was filed in St. Louis City as a pretense and not as an innocent mistake.

■■ Pataky argues further under her second point that even if venue in the initial suit was improper, she had a right to rely on the ruling of the trial court in the first suit denying MHTC and Mertens Construction's motions to dismiss for improper venue. Therefore, appellant claims she is entitled to the benefit of the saving statute because of her innocent reliance on the trial court's denial in the initial suit of the motions to dismiss for improper venue.

Appellant cites no direct authority for this argument. Rather, appellant seems to be rearguing her first point claiming that she had an honest belief that a justiciable claim existed against all defendants and arguing further that when the trial court in the initial suit failed to dismiss for improper venue, she made an innocent mistake by believing that the statute of limitations would be tolled in reliance on the trial court's failure to dismiss.

**3.** Since the time the initial suit herein was filed, 1987, the legislature has altered the law by the adoption of section 476.410, RSMo Supp.1993, and the amendment of section 506.110.1, RSMo Supp.1993. Pursuant to section 476.410, RSMo Supp.1993, and the amendment of section 506.110.1, RSMo Supp.1993, when venue is improper the court has authority to transfer a case to the proper venue. Improper venue no longer divests the court of jurisdiction. *State ex rel. DePaul Health Center v. Mummert*, 870 S.W.2d 820, 822 (Mo. banc 1994). *DePaul* specifically

overruled *Oney v. Pattison*, 747 S.W.2d 137, *State ex rel. Coca Cola Bottling Co. v. Gaertner*, 681 S.W.2d 445, and other cases holding to the contrary.

Nonetheless, neither section 476.410, RSMo Supp.1993, nor the amendment to section 506.110.1, RSMo Supp.1993, retroactively conferred any jurisdiction over MHTC when venue was improper in Pataky's initial suit filed in 1987. In 1987, when venue was improper, the court did not acquire jurisdiction.

Appellant was not entitled to rely on the failure of the trial court, in the initial action, to dismiss for improper venue. A ruling on such a motion is not final until the jurisdiction of the trial court is extinguished by the judgment becoming final and appealable. *Rozansky Feed Co. v. Monsanto Co.,* 579 S.W.2d 810, 813 (Mo.App.1979). Until the judgment becomes final, the motion is subject to reconsideration. *Id.* When the judgment in the initial suit became final, MHTC had been dismissed as a party. Therefore, the judgment was not binding on MHTC.

*Appellant's second point is denied.*

Judgment affirmed.

All concur.