STATE ex rel. Cornelius and Norma MALONE, Relators,

v.

Honorable Thomas C. MUMMERT III, Judge, Circuit Court, St. Louis City, Respondent.

No. 76797.

Supreme Court of Missouri, En Banc.

Dec. 20, 1994.

Richard B. Blanke and Charles W. Bobinette, St. Louis, for relators.

Peter B. Hoffman, John J. Jacksack; and Bryan Groh, St. Louis, for respondent.

ROBERTSON, Judge.

In this original action in mandamus, the defendants in the underlying personal injury action claim that two of them were pretensively joined by the plaintiffs in order to obtain venue in the City of St. Louis. This Court issued its alternative writ in mandamus to consider standards for determining the existence of pretensive joinder. Our jurisdiction is founded on article V, section 4 of the Missouri Constitution. The alternative writ of mandamus previously issued is made peremptory.

**I.**

Prior to August 17, 1988, O'Fallon True Value Hardware Store, located in St. Charles County, Missouri, and operated by Schapun, Inc. ["Schapun"], a Missouri corporation, purchased bungy cord-type tarp straps from Cotter and Company ["Cotter"], a Delaware corporation having a registered agent in the City of St. Louis. Cotter is a wholesale cooperative that serves its member hardware stores, many of whom operate under the True Value name.

On August 17, 1988, Cornelius Malone, the plaintiff, purchased a tarp strap from the O'Fallon True Value Hardware Store. On September 9, 1988, Mr. Malone attempted to use the tarp strap to secure a load of salvage to a truck. The strap broke, striking him in the eye, face and head, causing various injuries.

In February 1993, Mr. and Mrs. Malone brought a personal injury action in the Circuit Court of the City of St. Louis. The petition named Cotter and Schapun as defendants. During discovery, Cotter revealed that it maintained a business relationship with five True Value hardware stores in the City of St. Louis. In addition, a deposition of Donald Schappe showed that Schappe and Fred Pund each owned fifty percent of Schapun, that both men managed the store, ordered merchandise from Cotter, and that both were on duty assisting customers on the day Cornelius Malone purchased the tarp strap.

Armed with this information, the plaintiffs moved to join Schappe and Pund as defendants in the case. The trial court sustained the motion. Those counts of the petition naming Schappe and Pund as defendants averred, among other things, that the two were negligent in failing to warn Malone about the dangerous nature of the product he purchased.

For reasons not stated in the record, the plaintiffs voluntarily dismissed the case on September 8, 1993, and refiled it in the same circuit court—the City of St. Louis. The petition named Cotter, Schapun, Schappe and Pund as defendants.

Cotter moved to dismiss the action or, in the alternative, to transfer for improper venue. The other defendants also moved to transfer the cause for improper venue and to dismiss the counts against them for failure to state a claim. The motions to transfer for improper venue asserted that plaintiffs pretensively joined Schappe and Pund for the sole purpose of obtaining venue in the City of St. Louis.

The trial court sustained the motion to transfer for improper venue and ordered the case transferred to St. Charles County. The motions to dismiss for failure to state a claim were transferred with the case. Plaintiffs, relators in this action, filed for mandamus, seeking to require the trial court, respondent here, to rescind its order of transfer to St. Charles County.

## II.

■ Where all the defendants in a lawsuit are corporations, venue lies "in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business." § 508.040, RSMo 1986.[1] For purposes of Section 508.040, an "agent" is not a registered agent named to receive service of process for a corporation. *State ex rel. Coca Cola v. Gaertner,* 681 S.W.2d 445, 447 (Mo. banc 1984), *overruled on other grounds by DePaul Health Center v. Mummert,* 870 S.W.2d 820, 822 (Mo. banc 1994). Nor does the term "agent" in Section 508.040 include the five True Value hardware stores that have a business relationship with Cotter in the City of St. Louis. *State ex rel. Bunting v. Koehr,* 865 S.W.2d 351 (Mo. banc 1993). Thus, but for the non-corporate defendants in this case, venue would not be proper in the City of St. Louis.

Where the defendants are a mix of corporations and individuals, Section 508.010, RSMo 1986, determines venue. Under that statute, "[w]hen there are several defendants, and they reside in different counties, the suit may be brought in any such county."

§ 508.010(2).[2] The residence of a corporation in this state is "the county where its registered office is maintained." § 351.375, RSMo 1986. Thus, if Schappe and Pund, as individuals, are proper defendants in this case, Section 508.010 determines venue and permits the filing of the lawsuit in the City of St. Louis, where Cotter maintains its registered agent.

## III.

■ Courts will not permit plaintiffs to engage in the pretense of joining defendants for the sole purpose of obtaining venue. The party claiming that joinder is pretensive bears the burdens of persuasion and proof. *Glick v. Ballentine Produce,* 396 S.W.2d 609, 612 (Mo.1965), *appeal dismissed,* 385 U.S. 5, 87 S.Ct. 44, 17 L.Ed.2d 5 (1966). This Court has articulated that pretensive joinder exists " '(1) where the pretensive nature of the joinder appears on the face of the pleadings, and (2) where there is in fact no cause of action against the [joined] defendant.' " *Coca Cola,* 681 S.W.2d at 447 (*quoting Sledge v. Town & Country Tire Centers, Inc.,* 654 S.W.2d 176, 181 (Mo.App.1983)). Per *Coca Cola,* the joinder is not pretensive if the party has "an *honest* belief, based on the law and the evidence, that a justiciable claim exists against the party joined." [Emphasis added.] *Id.,* 681 S.W.2d at 447–48. We have since held that a mere honest belief is not enough; the test for pretensive joinder is an objective one, requiring "a realistic belief that under the law and the evidence a [valid] claim exists." *State ex rel. Shelton v. Mummert,* 879 S.W.2d 525, 527 (Mo. banc 1994) (*quoting State ex rel. Toastmaster v. Mummert,* 857 S.W.2d 869, 871 (Mo.App.1993)) (alteration in *Shelton* ). And we have elaborated upon the pretensive joinder test stated in *Coca Cola:*

> Venue is pretensive if (1) the petition on its face fails to state a claim against the [joined] defendant; or (2) the petition does state a cause of action against the [joined] defendant, but the record, pleadings and facts presented in support of a motion

---

1. Venue is also appropriate "in the county where the cause of action accrued," § 508.040, but here it is not claimed that the action accrued in St. Louis City.

2. Tort actions can be brought where the action accrued, § 508.010(6), but as we noted, *supra* n. 1, St. Louis City is not claimed to be the place of accrual.

asserting pretensive joinder establish that there is, in fact, no cause of action against the [joined] defendant and that the information available at the time the petition was filed would not support a reasonable legal opinion that a case could be made against the [joined] defendant.

*Shelton,* 879 S.W.2d at 527 (*quoting Toastmaster,* 857 S.W.2d at 870–71).

■ Under *Coca Cola* and *Shelton,* there are two possible avenues open for attacking joinder on the ground that it is pretensive: First, the party can assert that the facts pleaded in the petition are not true; and, second, the party can claim that the facts, even if true, do not support a valid claim based on substantive law. The defendants do not claim that plaintiffs have pleaded facts that are not true. To prevail on their pretensive joinder argument, therefore, the defendants must show that plaintiffs do not state a claim against the joined non-corporate defendants.

■ Whether a petition states a claim against defendants for purposes of establishing venue is a difficult issue. The standard for determining this is less stringent than that required either to grant summary judgment or to sustain a motion to dismiss for failure to state a claim. We hold that the appropriate standard asks whether, after reasonable inquiry of the law under the circumstances, plaintiffs have put forward a claim either under existing law, under a non-frivolous argument for the extension, modification or reversal of existing law, or under a non-frivolous argument for the establishment of new law. *Cf.* Rule 55.03(b)(2).

■ The Restatement (2nd) of Torts § 388 (1965) advises that

One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel ..., if the supplier

(a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and

(b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and

(c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

Comment c defines "suppliers" to include all sellers, "irrespective of whether the chattel is made by them or by a third person." Restatement (2nd) of Torts § 388, comment c (1965).

The defendants claim that Section 388 notwithstanding, plaintiffs' petition fails to use the word "supplies" and therefore does not invoke Section 388 of the Restatement. Rule 55.05 requires "a short and plain statement of the facts showing that the pleader is entitled to relief." When determining whether a petition sets forth sufficient facts to support a claim, we liberally construe the allegations, and impliedly include "reasonable inferences fairly deducible from the facts stated." *Commercial Bank of St. Louis County v. James,* 658 S.W.2d 17, 21–22 (Mo. banc 1983). A petition is not insufficient "merely because of a lack of definiteness ... or [an] informality in the statement of an essential fact." *Myers v. City of Palmyra,* 355 S.W.2d 17, 18 (Mo.1962).

The petition in the underlying lawsuit avers that the joined defendants selected and ordered the tarp strap, were on duty at the store, and "had full and complete control of the premises and product when the product was delivered to plaintiff for his use." Plaintiffs urge that the elements of control they pleaded in their petition state facts showing that the individual defendants are suppliers within the meaning of Section 388 of the Restatement. Although the plaintiffs may surely have pleaded a bit more artfully, their petition, when liberally construed, states facts setting out a cause of action against the joined defendants under Section 388 of the Restatement.

■ Respondent asserts three additional points of defendants to support his finding of pretensive joinder. First, the defendants contend that *Morris v. Shell Oil Company,* 467 S.W.2d 39 (Mo.1971), shows that "an individual employee clearly has little or no ability to pay a judgment." The crux of the venue inquiry turns on whether the joined

defendants could reasonably be liable under existing law, under a non-frivolous argument for the extension, modification or reversal of existing law, or under a non-frivolous argument for the establishment of new law. While a defendant's ability to pay may cool a plaintiff's ardor as a practical matter, *ability to pay* has no bearing on the question of whether a plaintiff may establish *liability* in the defendant.

■ Second, the defendants urge that both of the joined defendants are effectively immune from suit because they are corporate officers. While it appears that they are corporate officers, the petition names the joined defendants as individuals who are responsible for the management of the hardware store, including product selection and advice to customers. The petition states that the joined defendants, as the individuals charged with that management responsibility over the hardware store, failed to warn Mr. Malone of the dangerous nature of the product he purchased. Their corporate immunity argument is thus unavailing insofar as it relates to the venue question.

Third, the defendants assert that the joined defendants did not, under any fair reading of the petition, and as a matter of substantive law, owe any duty to Mr. Malone. They urge us to conclude that the law does not recognize such an "unreasonable" duty. To repeat: This case is about venue. We expressly do *not* determine whether the duty the plaintiffs seek to impose against the joined defendants actually exists as a matter of substantive law. It is enough for purposes of venue discussion that they have a reasonable belief that under existing law, non-frivolous arguments for the extension, modification or reversal of existing law, or non-frivolous arguments for the establishment of new law, that such a duty exists or should exist. Defendants do not show that plaintiffs fail this standard.

For the reasons stated, we hold that venue is proper in the Circuit Court of the City of St. Louis.

### IV.

■ One final procedural issue remains. Plaintiffs have sought a writ in this proceeding against the Honorable Thomas C. Mummert III, Judge of the Circuit Court of St. Louis City. Judge Mummert, however, should no longer have control over the file in this case, having ordered it transferred to the Circuit Court of St. Charles County.

Last year in *State ex rel. Schnuck Markets, Inc. v. Koehr,* 859 S.W.2d 696 (Mo. banc 1993), we addressed a situation in which two judges in different circuits both asserted jurisdiction over the same matter. There, both judges were necessary parties. Here, Judge Mummert has not continued to exercise jurisdiction subsequent to the transfer, and the matter lies solely with the Honorable William T. Lohmar, Jr., the presiding judge for St. Charles County. Accordingly, Judge Lohmar is the proper party to this proceeding.

Rule 52.06 provides that:

Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage in the action and on such terms as are just.

Rule 52.06 is rarely used at the appellate level. In *State ex rel. Harwood v. Sartorius,* 355 Mo. 837, 198 S.W.2d 690, 698 (1947), this Court held that the language in Section 507.050.1, RSMo 1986, which is identical to the language in Rule 52.06, refers only to the trial court. This holding makes perfect sense in most cases. Usually, if a necessary party to the action is not a named party at the appellate level, the proper remedy is to dismiss or remand the action and start anew. However, this is not the usual case. Here, the real parties in interest to the litigation have had a full opportunity to present their positions and arguments. Requiring relators to name Judge Lohmar as respondent and litigate the same issues again would cause unnecessary delay and expense. No prejudice will result to any party from substituting Judge Lohmar as a respondent, and his addition as a party will result in a complete resolution of this matter without the necessity of further proceedings or expense. This Court, under a similar rationale, has used Rule 52.06 to add a party rather than dismiss a count of the lawsuit under review. *See State ex rel. Eagleton v. Champ,* 393 S.W.2d 516, 530 (Mo. banc 1965). Moreover, in this

proceeding for mandamus, we are acting in our original jurisdiction. Under the circumstances of this case, it is proper for an appellate court to utilize Rule 52.06 to substitute the appropriate party.

## V.

The Honorable William T. Lohmar, Jr., Presiding Judge of the Circuit Court of St. Charles County, is substituted as party respondent to this proceeding in place of the Honorable Thomas C. Mummert III. Respondent Lohmar is commanded to enter an order transferring the underlying cause of action to the Circuit Court for the City of St. Louis.

All concur.