**STATE ex rel. Mary Lee BRECKENRIDGE, et al., Relators,**

v.

**Hon. J. Miles SWEENEY, Judge, Circuit Court of Greene County, Respondent.**

No. 78522.

Supreme Court of Missouri, En Banc.

April 23, 1996.

Rehearing Denied May 28, 1996.

Joan Tanner, Paul J. Passanante, St. Louis, for Relators.

John L. Oliver, Cape Girardeau, William C. Love, Springfield, for Respondent.

ORIGINAL PROCEEDING
IN MANDAMUS

LIMBAUGH, Judge.

In this original action in mandamus, we revisit the issue of pretensive venue discussed in *State ex rel. Malone v. Mummert,* 889 S.W.2d 822 (Mo. banc 1994), this time in the context of a medical malpractice action. Relators filed an application for writ of mandamus to compel Respondent, Judge J. Miles Sweeney, to vacate his order transferring the underlying case from Greene County to Butler County. Although the Court of Appeals denied the application, this Court issued an

alternative writ of mandamus. Jurisdiction is based on article V, section 4, of the Missouri Constitution. The alternative writ of mandamus in now made peremptory.

### I.

On March 30, 1989, Sue Breckenridge, then pregnant, began labor at Doctor's Regional Hospital in Butler County. Between 10:05 P.M. and 10:10 P.M., her umbilical cord prolapsed making it imperative that the baby be delivered as soon as possible. In response to this crisis, Dr. E.C. Carlson, the doctor in charge, requested a surgical team be called in to deliver the baby via caesarean section. Using that procedure, the baby, Mary Breckenridge, was delivered at approximately 10:55 that night. She now suffers from cerebral palsy due allegedly to oxygen deprivation resulting from the umbilical cord prolapse. Relators, plaintiffs in the underlying action, contend that the condition was caused by an unnecessary and unreasonable delay in the surgical delivery.

On February 7, 1990, the plaintiffs filed a malpractice action against the hospital in Butler County. The plaintiffs later dismissed the case, but refiled it in Greene County. They named Terry Sumpter, who was nurse anesthetist for the surgical team, Dr. Carlson, and the hospital, as defendants. Because Sumpter was a resident of Greene County, the Breckenridges alleged that venue was proper in Greene County. Following the institution of the Greene County case, Sumpter filed a Motion to Dismiss and/or Transfer Venue, and Carlson filed a separate Motion to Transfer venue.

On July 11, 1995, Respondent held that Sumpter had been pretensively joined and ordered that venue be transferred back to Butler County. Following the denial of a motion to reconsider, Relators brought this petition for writ of mandamus.

### II.

■ A writ of mandamus will lie only where the relator seeks to enforce a clear, unequivocal, preexisting, and specific right. *State ex rel. Chassaing v. Mummert,* 887 S.W.2d 573, 576 (Mo. banc 1994). The oft-repeated refrain of this Court is that the purpose of the writ of mandamus is to execute, not adjudicate. *Id.* Pretensive venue issues have been addressed by this Court through a writ of mandamus. *See State ex rel. Malone v. Mummert,* 889 S.W.2d 822 (Mo. banc 1994); *State ex rel. Shelton v. Mummert,* 879 S.W.2d 525 (Mo. banc 1994); and *State ex rel. Cross v. Anderson,* 878 S.W.2d 37 (Mo. banc 1994).

Where the defendants in a lawsuit are a mix of corporations and individuals, some or all of whom reside in different counties, then the lawsuit "may be brought in any county in this state where a defendant resides." § 508.010, RSMo 1986. It is undisputed that Sumpter lived in Greene County at the time of the petition. Therefore, venue is proper in Greene County, unless Sumpter was pretensively joined as a defendant.

■ The party claiming that a defendant has been pretensively joined bears both the burden of proof and the burden of persuasion. *Malone,* 889 S.W.2d at 824. This Court has held that:

> Venue is pretensive if (1) the petition on its face fails to state a cause of action against the resident defendant; or (2) the petition does state a cause of action against the resident defendant, but the record, pleadings and facts presented in support of a motion asserting pretensive joinder establish that there is, in fact, no cause of action against the resident defendant and that the information available at the time the petition was filed would not support a reasonable legal opinion that a case could be made against the resident defendant. The standard is an objective one, appropriately denominated as a realistic belief that under the law and the evidence a [valid] claim exists.

*State ex rel. Shelton v. Mummert,* 879 S.W.2d 525 (Mo. banc 1994) (*quoting State ex rel. Toastmaster v. Mummert,* 857 S.W.2d 869, 870–871 (Mo.App.1993)), *see also Malone,* 889 S.W.2d at 824–825. Respondent challenges venue in Greene County on two grounds: 1) that the petition fails to state a claim, and 2) that the information known to plaintiffs when suit was filed did not support

a reasonable legal opinion that a valid claim existed. *Malone,* 889 S.W.2d at 825.

### A.

Respondent first claims that the petition, as it relates to Sumpter, is either "(a) totally frivolous, or (b) constitutes a series of unsupported legal conclusions," and, as such, fails to state a claim. The petition to which Respondent's criticism is directed, however, is the original petition filed in Greene County, rather than the second amended petition, which was on file at the time of the motion to transfer venue. Assuming that the original petition, as characterized by Respondent, is defective, the second amended petition indisputably contains factually specific averments sufficient to state a claim for relief.

Respondent's challenge to the original petition stems from reliance on *State ex rel. DePaul Health Center v. Mummert,* 870 S.W.2d 820 (Mo. banc 1994), which stated: "By the terms of the [applicable venue] statute, venue is determined as the case stands when *brought,* not when a motion challenging venue is decided." This passage from *DePaul* is not on point. The venue statute and, in turn, the Court's reference to the statute in *DePaul* pertain to the residence of parties defendant to a lawsuit, not the condition of the pleadings. There is no challenge in this case to the residency of defendant Sumpter, but instead the challenge is to the sufficiency of the pleading against him. The statute requires only that challenges to venue based upon a party's residence must be determined as of the time suit was filed.

■ In the absence of a statutory mandate, we have no reason to penalize plaintiffs for defects in the substance of the original petition, as opposed to penalizing them for joinder of parties defendant whose residence defeats venue. To do so, moreover, would be inconsistent with the long-standing policy to freely grant leave to amend. We hold, therefore, that a challenge of pretensive venue based on defective pleadings should be determined when the challenge is adjudicated and that the trial court should consider the state of the pleadings at that time. In so holding, we do not depart from the different requirement that the pleadings, whether original or amended, must be premised on information known to plaintiffs when the suit was originally filed.

### B.

■ Respondent's second ground for challenging venue is that the information available to the Breckenridges at the time they filed the original petition did not objectively give rise to a cause of action. Resolution of this point depends ultimately on plaintiff's evidence that defendant Sumpter was called to the hospital at approximately 10:10 P.M. or just a few minutes thereafter. Prior to the filing of the Greene County case, the plaintiffs obtained a "confidential medical statement" from their expert witness, Dr. Hubert Ritter, in which he opined that both Sumpter and Dr. Carlson deviated from the standard of care by their delay in the C-section surgery. This statement of Sumpter's liability ordinarily would have insulated the plaintiffs from a claim of pretensive venue. However, Dr. Ritter, during a subsequent deposition, qualified his earlier statement by commenting that it was based on the assumption made by plaintiffs that Sumpter had been contacted at 10:10 P.M. or shortly thereafter. That assumption is supported by information known to the Breckenridges when the Greene County suit was filed. By all accounts, the medical emergency was identified at 10:05 to 10:10 P.M., and the order went out to call in the three-person surgical team at 10:10 P.M. The inference from this information is that the team was called out immediately and should have commenced surgery well before the actual commencement at 10:45 P.M.

Respondent counters with deposition testimony from Sumpter, himself, that the call was not received until 10:24 or 10:25 P.M. Sumpter's deposition, however, was not taken until *after* the filing of the Greene County suit. Even if Sumpter's testimony is true, the Breckenridges should not be charged with prior knowledge of the testimony.

Under these circumstances, we hold that the information available at the time the Greene County petition was filed supported a reasonable legal opinion that a case could be made against defendant Sumpter.

### III.

One final procedural hurdle remains, although unaddressed by the parties. Respondent, having ordered the case transferred to Butler County, no longer has jurisdiction. The petition for writ of mandamus should have been directed to the presiding judge in Butler County, where the case is now lodged. In similar situations, this Court has substituted the proper respondent, *see Malone*, 889 S.W.2d at 826–27. Therefore, following *Malone*, the presiding judge of Butler County is substituted as Respondent and ordered to transfer the case to Greene County.

The alternative writ of mandamus is now made peremptory.

HOLSTEIN, C.J., BENTON, PRICE, COVINGTON and WHITE, JJ., and McHENRY, Senior Judge, concur.

ROBERTSON, J., not sitting.