**STATE of Missouri ex rel. NETCO, INC., Schmitz & Associates, Inc., and Joanne Schmitz d/b/a Schmitz & Co., Relators,**

v.

**The Honorable Weldon C. JUDAH, Respondent.**

No. WD 59479.

Missouri Court of Appeals, Western District.

Oct. 16, 2001.

R. Dan Boulware, R. Edward Murphy, R. Todd Ehlert, Joseph W. Elliott, St. Joseph, for relators.

Stephen J. Briggs, Nicholas K. Robb, John M. Spencer, St. Joseph, Gaspare J. Bono, Washington, D.C., J. James Johnson, Atlanta, GA, Robert B. Hankins, Springfield, for defendants, Jimmy Dunn, Jimmy V. Dunn & Associates, Inc., Jim Evans and J.L. Evans & Associates, Inc.

Before HOWARD, P.J., and LOWENSTEIN and ELLIS, JJ.

VICTOR C. HOWARD, Presiding Judge.

Relators ("Plaintiffs") filed suit against Defendants in the Buchanan County Circuit Court. Upon Defendants' timely motion, Respondent, Judge Judah of the Buchanan County Circuit Court, found that venue was not proper in Buchanan County. Thus, he ordered the cause transferred to Greene County, Missouri. Plaintiffs seek a writ of mandamus from this court ordering the case reinstated in Buchanan County.

For the reasons set forth below, the preliminary writ of mandamus is vacated as improvidently granted, and the permanent writ is denied.

## Background

Plaintiffs filed suit in Buchanan County, Missouri, bringing claims against Defendants based both in contract and tort. Defendants timely moved to transfer the cause due to improper venue. Respondent, finding that venue was improper in his county because no tort cause of action had accrued there,[1] subsequently entered an order transferring venue of Plaintiffs' case from Buchanan County to Greene County, Missouri.

Plaintiffs then petitioned this court for a preliminary writ of mandamus seeking an order prohibiting Respondent from transferring the case to Greene County, or, alternatively, remanding the case from Greene County to Buchanan County. On March 2, 2000, we issued a preliminary writ of mandamus, directing Respondent not to transfer the case or, if Respondent

---

1. Pursuant to § 508.010(6) RSMo 2000, "[i]n all tort actions the suit may be brought in the county where the cause of action accrued." This was the section Plaintiffs relied on to establish venue in Buchanan County.

had already done so, directing him to rescind the order transferring venue and reinstate the case to Buchanan County. After oral argument, this court encountered a procedural difficulty that requires us to vacate our preliminary writ and deny the permanent writ because we lack jurisdiction to effectuate the relief requested by Plaintiffs.

### Discussion

■ The issue before this court involves the propriety of Respondent's order transferring Plaintiffs' cause of action from Buchanan County to Greene County, Missouri, due to improper venue. However, before we can address the propriety of the transfer, we are compelled to consider, *sua sponte*, whether this court has jurisdiction to grant Plaintiffs the relief requested in their petition for writ of mandamus. We find that we do not.

■ In *State ex rel. Breckenridge v. Sweeney*, 920 S.W.2d 901, 904 (Mo. banc 1996), the Missouri Supreme Court addressed a "procedural hurdle" encountered when a case has been transferred due to improper venue. In *Breckenridge*, the supreme court considered Relators' application for writ of mandamus to compel Greene County Circuit Court Judge Sweeney to vacate his order transferring the underlying case from Greene County to Butler County. In section III of its opinion, the court noted, *sua sponte*, that Judge Sweeney was not the proper party to the writ. *Breckenridge*, 920 S.W.2d at 904. The court found that "[Judge Sweeney], having ordered the case transferred to Butler County, *no longer ha[d] jurisdiction*. The petition for writ of mandamus should have been directed to the presiding judge in Butler County, where the case [was then] lodged." *Id.* (Emphasis added.) Nonetheless, following *State ex rel. Malone v. Mummert*, 889 S.W.2d 822, 826–27

(Mo. banc 1994), the supreme court substituted the presiding judge of Butler County as the proper respondent, and, having found venue to be proper in Greene County, ordered him to transfer the case back there. It then proceeded to the venue issue, finding that venue was indeed proper in Greene County and therefore ordering the Butler County judge to transfer the case back to Greene County. *Id.*

*Malone* likewise addressed the issue of the proper party-respondent in an application for writ of mandamus challenging a transfer for improper venue. *Malone*, 889 S.W.2d at 826–27. In *Malone*, the supreme court found that Judge Mummert, the judge who ordered the transfer and who was named as respondent in the petition seeking a writ, "ha[d] not continued to exercise jurisdiction subsequent to the transfer, and the matter [lay] solely with the Honorable William T. Lohmar, Jr., the presiding judge for [the county to which the case had been transferred]." *Id.* at 826. The supreme court overcame this "procedural hurdle" by substituting the transferee judge as the proper respondent in the case pursuant to Rule 52.06. Although recognizing that "Rule 52.06 is rarely used at the appellate level," the court nonetheless substituted Judge Lohmar as the proper party-respondent. *Id.* The supreme court reasoned as follows:

Usually, if a necessary party to the action is not a named party at the appellate level, the proper remedy is to dismiss or remand the action and start anew. However, this is not the usual case. Here, the real parties in interest to the litigation have had a full opportunity to present their positions and arguments. Requiring relators to name Judge Lohmar as respondent and litigate the same issues again would cause unnecessary delay and expense. No prejudice will result to any party from

substituting Judge Lohmar as a respondent, and his addition as a party will result in a complete resolution of this matter without the necessity of further proceedings or expense. This Court, under a similar rationale, has used Rule 52.06 to add a party rather than dismiss a count of the lawsuit under review. Moreover, in this proceeding for mandamus, we are acting in our original jurisdiction. Under the circumstances of this case, it is proper for an appellate court to utilize Rule 52.06 to substitute the appropriate party.

*Id.* at 826–27 (citations omitted).

Our case presents the same procedural problem. However, as set forth below, its resolution is more complicated because of this court's jurisdictional limits.

Plaintiffs' petition was filed in Buchanan County, located within this court's Western District jurisdiction. Respondent then transferred the case to Greene County, located within the Southern District's jurisdiction. Mo. CONST. art. V, § 4 ("Each district of the court of appeals shall have general superintending control over all courts and tribunals in its jurisdiction."); § 477.070 RSMo 2000 ("The jurisdiction of the western district of the court of appeals shall be coextensive with all the counties in the state *except* those embraced in the jurisdiction of the eastern and the southern districts of the court of appeals.") (emphasis added); § 477.060 RSMo 2000 ("The jurisdiction of the southern district of the court of appeals shall be coextensive with the counties of ... Greene ..."). In accordance with *Breckenridge* and *Malone,* once Respondent, Judge Judah, entered his order transferring venue to Greene County, he lost jurisdiction over the case. Thus, the presiding judge in Greene County to which the case was transferred is the appropriate respondent to Plaintiffs' petition for writ of mandamus. Due to our jurisdictional limits, this court cannot follow the *Malone* and *Breckenridge* cases by substituting the Greene County circuit court judge, located in the Southern District's jurisdiction, as the appropriate party-respondent under Rule 52.06. We have no jurisdiction over a circuit court judge in the Southern District's jurisdiction. Unlike the Missouri Supreme Court, our hands are tied.

## Conclusion

Accordingly, the preliminary writ of mandamus is vacated as improvidently granted, and the permanent writ denied.

LOWENSTEIN and ELLIS, JJ., concur.