**STATE of Missouri ex rel. Keith HEATON, Relator,**

v.

**The Honorable Jay A. DAUGHERTY, Judge, Circuit Court of Jackson County, Division 13, Respondent.**

No. WD 59343.

Missouri Court of Appeals, Western District.

Nov. 27, 2001.

Glenn R. Gulick, Joplin, for Appellant.

Rebecca Tenbrook, Springfield, Colin Theis, Kansas City, for Respondent.

RONALD R. HOLLIGER, Judge.

This court entered a preliminary order in prohibition on February 7, 2001, staying a November 1, 2000, order by Respondent transferring this cause, based on venue, to the Circuit Court of Jasper County, Missouri. Because we find that we lacked jurisdiction to issue our preliminary writ, that order is vacated and a permanent writ is denied.

Relator filed an action for medical negligence in Jackson County, Missouri, against several individual defendants and several corporate defendants. At the time of filing of the petition, one of the corporate defendants maintained a registered agent in Jackson County, Missouri, and venue was admittedly proper under § 508.010, RSMo 2000.[1] Before service of summons, however, that corporate defendant changed its registered agent to one in another county so that as of the date of service, no defendant resided in Jackson County. Motions to dismiss and or transfer for improper venue were filed with defendants arguing that proper venue should be decided as of the date of service and not as of the date of filing of the petition. Defendants claimed that a suit was "brought," under § 508.010, RSMo, and *State ex rel. DePaul Health Center v. Mummert,* 870 S.W.2d 820, 823 (Mo. banc 1994), not as of the date of filing but as of the date of service. There were numerous allegations by Relator that the change of

---

1. All statutory references are to the Revised Statutes of Missouri 2000, unless otherwise indicated.

registered agent was pretensive and for no valid purpose other than to defeat the plaintiffs' choice of venue.

Subsequently we asked that this cause be transferred to the Supreme Court because of the general importance of the issue and because of other cases involving venue were pending before the court. On October 23, 2001, that request was denied and the court issued its opinion in *State ex rel. Linthicum v. Calvin*, 57 S.W.3d 855 (2001). Although under that decision it would appear that Respondent's order here was improper and misinterpreted § 508.010, RSMo, for other reasons we lack jurisdiction and cannot reach the merits of the issue raised by Relator.

Respondent's order of November 1, 2000, transferred the cause to the Circuit Court of Jasper County, a county located within the jurisdiction of the Southern District of the Court of Appeals. Mo. CONST. ART. V, § 4. Under § 477.070, RSMo, "[t]he jurisdiction of the western district of the court of appeals shall be coextensive with all of the counties of the state except those embraced in the jurisdiction of the eastern and the southern districts of the court of appeals."

When Relator transferred the case to Jasper County, he lost jurisdiction. *State ex rel. Breckenridge v. Sweeney*, 920 S.W.2d 901, 904 (Mo. banc 1996). Although mandamus as an alternative remedy (and as also sought here by Relator) would lie, such remedy would require the substitution of the judge to whom the case was transferred. *State ex rel. Malone v. Mummert*, 889 S.W.2d 822, 826–27 (Mo. banc 1994). The appropriate Respondent for the relief of mandamus, to retransfer the case, is the circuit judge in Jasper County. This court, however, has no jurisdiction to order such relief directed to a court beyond our jurisdiction. *State ex rel. Netco, Inc. v. Judah*, 58 S.W.3d 78

(2001). Our preliminary writ was therefore improvidently issued and is now dissolved.

JAMES M. SMART, JR., Judge, and VICTOR C. HOWARD, Judge, concur.